(108 So. 272)

## NEWBY v. STATE. (8 Div. 320.)

(Court of Appeals of Alabama. April 13, 1926.)

**1. Criminal law ⚖⇒260(13)—Conviction for game law violation must be reversed, where record contains no statement of cause of complaint, or waiver thereof (Code 1923, § 3843).**

Where record contains no statement of cause of complaint signed by solicitor, or waiver by accused, conviction for violation of game laws must be reversed, in view of Code 1923, § 3843.

**2. Indictment and information ⚖⇒111(2)— Complaint for violation of fish laws need not negative exceptions contained in separate section (Code 1923, §§ 4062, 4063).**

Complaint for violating Code 1923, § 4062, prohibiting fishing with seine, trammel net, gill net, or fish trap, need not negative exceptions to that prohibition contained in section 4063.

**3. Fish ⚖⇒15—State must prove that fish were not taken within prescribed exceptions (Code 1923, §§ 4062, 4063).**

In prosecution for violating Code 1923, § 4062, prohibiting fishing with seine, trammel net, gill net, or fish trap, state has burden of showing that fish were not taken within exceptions to that prohibition contained in section 4063.

**4. Fish ⚖⇒15.**

Corpus delicti may be proved by circumstantial evidence, in prosecution under Code 1923, § 4062, relative to fishing with nets.

Appeal from Circuit Court, Limestone County; O. Kyle, Judge.

Jake Newby was convicted of violating the game law, and he appeals. Reversed and remanded.

R. B. Patton, of Athens, for appellant.

The burden of proof was not met by the state, and the verdict should not stand. Twilley v. State, 101 So. 505, 20 Ala. App. 263. For failure of the solicitor to file a complaint, the judgment must be reversed. Moss v. State, 42 Ala. 546; Hawkins v. State, 101 So. 514, 20 Ala. App. 285.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

The proof was sufficient. Jenks v. State, 95 So. 266, 19 Ala. App. 90. Transcript from the justice court was sufficient to give jurisdiction to the circuit court. Code 1923, § 3839.

---

SAMFORD, J. [1] There does not appear in this record a brief statement of the cause of complaint signed by the solicitor or a waiver thereof by the defendant such as is required by section 3843 of the Code 1923. For this reason the judgment in this case must be reversed. Owens v. State, 99 So. 155, 19 Ala. App. 573.

[2] Section 4062 of the Code of 1923 makes it unlawful and fixes a penalty for any person to take, catch, or kill any fish in any of the waters of this state by means of any seine, trammel net, gill net, fish trap, or by any other means other than by ordinary hook and line, gig, spear, or trot-line. Section 4063, Code 1923, makes certain exceptions. The rule is that, when the exception is set out in a separate clause or section from that creating and defining the offense, it is not necessary to negative the exception by averment. Clark v. State, 19 Ala. 552; Carson v. State, 69 Ala. 235; Grattan v. State, 71 Ala. 344; Hyde v. State, 46 So. 489, 155 Ala. 133; McLeod v. State, 62 So. 991, 8 Ala. App. 329.

[3] The exceptions provided for in section 4063 place a limitation on the preceding section, and, before a conviction can be had under section 4062, the burden is upon the state to show by the evidence that in catching fish the defendant was not within the exception, but was in fact violating a law of the state.

[4] The facts necessary to prove the corpus delicti as well as the guilt of defendant may be by circumstantial evidence, which in this case was sufficient to sustain the court in his finding, but, for the error in the record, the judgment is reversed, and the cause is remanded.

Reversed and remanded.