67 So.2d 284

**SHIFLETT v. STATE.**

3 Div. 959.

Court of Appeals of Alabama.

Aug. 11, 1953.

Rehearing Denied Sept. 8, 1953.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

J. B. Atkinson, Clanton, for appellant.

HARWOOD, Judge.

This appellant has been convicted of a violation of our narcotic laws, Chapter 8, §§ 232–255, Title 22, Code of Alabama 1940.

The indictment against the appellant contained eight counts.

Four of these counts, omitting the formal parts, charge that on or about the 28th day of March 1952 the appellant did possess opium contrary to law; two of the counts charge possession of a narcotic drug on or about 28th day of March 1952, contrary to law, and two counts charge possession of morphine, on or about 28th day of March 1952, contrary to law.

A demurrer, supported by numerous grounds, was filed to the indictment, and by the court overruled.

In our opinion the ruling on the demurrer to the indictment was proper.

The offense was clearly, directly, and expressly alleged in each count. Particularly is this true in view of Section 232, supra, which defines "Narcotic Drugs" as meaning "cocoa leaves, opium, cannabis, and every substance neither chemically nor physically distinguishable from them"; that "opium" includes morphine, codeine, and heroin, and any compound, derivative, or mixture of opium.

Nor was the indictment defective in failing to aver that the offense was committed subsequent to 9:35 A. M., July 27, 1951, the effective date of an amendment to Section 255, supra, making a violation of our narcotic laws punishable as a felony rather than as a misdemeanor as it formerly had been.

■ Ordinarily it is not necessary to state in an indictment the precise time at which the offense was committed, unless time is a material ingredient of the offense. Section 237, Title 15, Code of Alabama 1940.

■ Where, however, an indictment is for a new offense, or when the grade of an offense has been raised from a misdemeanor to a felony, and covers a period both when the act was and was not an offense, or where it was of a lesser grade, it is defective upon appropriate demurrer if it fails to aver the time of the commission of the alleged offense. Bibb v. State, 83 Ala. 84, 3 So. 711; Howard v. State, 17 Ala.App. 464, 86 So. 172; Holt v. State, 238 Ala. 219, 193 So. 101. This for the reason that under such circumstances time is a material ingredient of the offense.

■ However in the present indictment, the offense, in each count, was averred as having been committed "on or about the 28th day of March, 1952."

The better practice would have been to aver that the offense was committed subsequent to the effective date of the amendment.

However the common understanding of the words "on or about" a certain date is that such words do not put the date at large, but indicate that it is stated with approximate accuracy. Rinker v. U. S., 8 Cir., 151 F. 755, 81 C.C.A. 379.

If it be argued that because the day specified was so near the end of March that it could be reasonably interpreted as meaning some day in the early part of April, such construction would only indicate that the offense was one month subsequent to the enactment of the amendment than that alleged.

This aside, the time of the commission of the offense is definitely averred as being in the year 1952. Any day in this year would be subsequent to the effective date of the amendment, and thus definitely informed the accused that the offense was allegedly committed subsequent to the date of the amendment, and if found guilty his act would be a felony and not a misdemeanor. U. S. v. McKinley, 127 F. 168, 171.

■ Nor is the indictment defective because of its failure to aver that the accused was not within the exceptions or provisos of the act permitting certain professional persons, and licensed dealers, and others, to possess narcotics.

■ It is unnecessary in an indictment to allege that the party charged is not within the exceptions or provisos of an act creating the offense, for such matter is defensive. Newby v. State, 21 Ala.App. 353, 108 So. 272.

Upon the demurrer to the indictment being overruled the defendant filed pleas of former jeopardy, and autrefois acquit.

Upon the filing of this plea the record shows the following:

"The Court: The Court is informed of that. The Court denies the plea. I tried the other case.

"Mr. Atkinson: The judgment of the Court will be we filed a plea of for-

mer jeopardy—of course, the Court denies the plea and doesn't permit me to offer proof?

"The Court: I will let you go into that. If you want any proof, I will be glad to submit it.

"Mr. Atkinson: We want to introduce the file and evidence of the former trial and submit it to the Court.

"Your Honor holds you will try the plea, or the jury?

"The Court: Hold I will try it."

Thereafter the defendant introduced in support of the pleas the entire file of prior trial, and also a transcription of the evidence and proceedings at such prior trial.

These papers show that this appellant was originally indicted for possessing "tincture of opium;" that in the first trial Dr. Rehling, the State Toxicologist, testified that a "tincture of opium" was opium dissolved in alcohol, and that the substance in the bottle found on appellant could not be called a tincture of opium, but only the boiled residue of tincture of opium, and in the state in which the substance was turned over to him it was a "water suspension of opium," the alcohol having been evaporated in the boiling process.

At the conclusion of the State's evidence in the first trial the defendant moved to exclude the State's evidence. The court announced that "it looks like he has been indicted for the wrong thing," and granted the motion, but at the request of the Solicitor directed that the defendant be continued to be held under the same bond for action of the next grand jury.

■ Ordinarily, an issue of former jeopardy, either of acquittal or conviction should be tried separately and in advance of the issue of not guilty. Parsons v. State, 179 Ala. 23, 60 So. 864. Technically therefore the court below acted improperly in determining the issues raised by the pleas of jeopardy. But, as stated by the late Chief Justice Gardner when considering a question similar to the one now before us, "to have a reversal of a judgment

of conviction there must not only appear error, but such error as is prejudicial to the substantial rights of the party." See Mikell v. State, 242 Ala. 298, 5 So.2d 825, 827.

■ Where, as in this case, a defendant moves to exclude the evidence on the theory of a variance between the averments of an indictment and the proof submitted, and invokes a ruling in his favor, and the Solicitor, as authorized by statute, obtains an order that the defendant be held to answer a proper indictment, the defendant is not considered as having been in jeopardy, and is estopped from pleading that trial as former jeopardy. Mitchell v. State, 16 Ala.App. 635, 80 So. 730, and cases cited therein.

■ Thus, in the present case, the very record evidence introduced by the defendant in support of his pleas of former jeopardy show that said pleas could not avail even had the issues been submitted to the jury. The result being the same regardless of the procedural methods employed, the appellant was not prejudiced in his substantial rights by the action of the court in denying the pleas without submitting them to a jury. Spelce v. State, 212 Ala. 559, 103 So. 705; Mikell v. State, supra; Sup.Ct. Rule 45, Code 1940, Tit. 7 Appendix.

■ The evidence presented by the State was to the effect that the appellant was a night watchman in the cotton mill in Kilby Prison; that on the night of March 28, 1952, just after he had entered the prison, he was taken to the warden's office and searched. A bottle containing a blackish yellow substance that smelled like paregoric was found on him. He was thereupon taken to the office of the Sheriff of Montgomery County. Here the appellant made a statement. After proper predicate the statement, confessory in nature, was received in evidence without objection. This statement, in pertinent parts, was as follows:

"I, David Long Shiflett, now confined in the Montgomery County Jail

do hereby make the following statement of my own free will and accord without threats, promises or hope of reward being made to me by any one, after having been advised that I might have a Lawyer if I desire one and also that any statement I may make may be used against me in any Court of Justice.

"My home is 25 Pill Street Montgomery, Alabama. This is the first time I have ever been in any kind of trouble.

"I have been employed as a night watchman at the Cotton mill at Kilby Prison since July of 1951.

"The only reason I tried to smuggle this dope into the Prison is the fact that I was in great need of money.

"I took my first dope to Kilby on Thursday night March 20th, 1952. I tried to take in the second bottle on Friday night March 28th, 1952. Both bottles were one ounce bottles and the second time I tried I was caught. Friday night when I reported for work Deputy .Warden Dees and the Night .Warden stopped me and searched me and found the small bottle of paragoric on my person.

"When I was caught the Highway Patrol was called and they took me to talk to some men here in Montgomery and then brought me on to the County Jail.

"The convicts at Kilby told me first about how to buy three ounces of Paregoric and boil it down to a one ounce bottle of dope. They told me to put the Paregoric in a small pan and put a fire under it and then touch the fire to the inside of the pan and when the fire on the inside of the pan went out the dope was ready. The balance of the liquid left in the pan I put in a small bottle and took it to Kilby and sold it for Ten Dollars per bottle.

"I bought a one ounce of Paregoric from each of the following named

Drug Stores." (Here followed a list of six drug stores.)

The bottle taken from the appellant by O. R. Dees, the Deputy Warden was by him turned over to George Mosley, Jr., Deputy Sheriff of Montgomery County who locked it in his office that night and the next morning turned it over to Dr. C. J. Rehling, State Toxicologist.

Dr. Rehling testified that he analyzed the contents of this bottle and that it contained a residue produced by evaporating or boiling down paregoric; that in terms of opium it contained a little more than four grains of opium, and .43 of a grain of morphine.

It is thus apparent that the State's evidence was ample in its tendencies to establish the illegal possession of narcotic drugs, and to bring this appellant within the proscription of Section 254, supra, which makes it unlawful for any person to manufacture, *possess*, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug except as authorized in Chapter 8, Title 22, Code of Alabama 1940.

Charges 1 through 8 were respectively affirmative in nature and properly refused under the developed evidence.

Charge 20 was refused without error. Kent v. State, 34 Ala.App. 443, 41 So.2d 194; Morris v. State, 34 Ala.App. 511, 42 So.2d 596; Robinson v. State, 243 Ala. 684, 11 So.2d 732.

■ Charges 11, 21, 26, and 27 were refused without error as the principles sought to be enunciated in these charges were adequately covered in the court's oral charge.

■ Charges 12, 13, and 14 were properly refused as being argumentative, and in addition were not predicated on the evidence.

Other points are argued by counsel for appellant. These points are palpably without merit and we forego a discussion of them.

Affirmed.