90 So.2d 234

### George SCHENHER

v.

### STATE.

1 Div. 719.

Court of Appeals of Alabama.

Aug. 14, 1956.

Rehearing Denied Sept. 4, 1956.

574

Vincent F. Kilborn, Mobile, for appellant.

John Patterson, Atty. Gen., and J. Noel Baker, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment, omitting the formal parts, charged that appellant "unlawfully did possess, sell, furnish or give away codeine, a narcotic drug, contrary to law and against the peace and dignity of the State of Alabama." The case was tried by the court without the intervention of a jury. Defendant was found guilty of the "offense of possession of narcotics as charged in the indictment," and was sentenced to imprisonment in the penitentiary for a term of two years.

The evidence presented by the State tends to show that on the 9th day of December, 1955, Joe Lockler and a man named Fath, detectives for the City of Mobile, arrested defendant at a rooming house for some other offense. A search of defendant's person disclosed a small plastic bottle containing five large white tablets, two small white tablets and two red gelatine capsules. The bottle with its contents was turned over to Dr. Nelson Grubbs, a toxicologist for the State of Alabama.

Detective Lockler testified on cross examination that the manufacturer's name was made into the bottle itself but there was no detachable label on it.

Dr. Grubbs testified he had been employed as a toxicologist by the State of Alabama since 1939. He graduated from Alabama Polytechnic Institute with a B. S. degree.

His post-graduate studies included the subjects of toxicology, law, chemistry and physics. He began his major preparatory studies to become a toxicologist in 1921, and has since then been actively engaged in the study and practice of toxicology. He has regularly attended courts in this State, and has attended post mortem examinations of dead bodies, analyzing drugs and the like.

On direct examination Dr. Grubbs testified that the bottle referred to by detective Lockler was brought to him by officers Lockler and Fath. It contained two red capsules, and five white tablets. The two smaller tablets were Pheno barbital. He analyzed one of the larger white tablets and found it to contain a half grain of codeine.

On cross examination the witness testified the red capsules were vitamin compound. The large white tablets were Empirin compound. Empirin is a trade name. The tablets were labeled "Tabloid Brand No. 3." The number indicates the codeine content. The witness stated the tablets were not fresh and had been trimmed down and partially dissolved. Had it been a full tablet it should have contained one-half grain of codeine, but the analysis showed that in its trimmed down state it had one-eighth of a grain of codeine in it. The witness stated that clotran is the brand name on the bottle.

When the State had rested the defendant moved to exclude the State's evidence on the grounds: (1) That the defendant is charged with possessing codeine, while the evidence shows he possessed empirin No. 3, and that the indictment failed to charge that defendant possessed empirin number 3, "a compound containing codeine," etc. (2) That under the provisions of Title 22, Section 243, Code 1940, it is no offense to possess codeine in lesser quantity than one grain, and the State's evidence established that defendant had in his possession, at the most, only ⅝ths of a grain of codeine.

The court overruled the motion. No evidence was presented in defendant's behalf.

Section 254 of Title 22, Code 1940, reads:

"It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this chapter."

Section 232 of said Title provides that:

"'Narcotic drugs' means coca leaves, opium, cannibis, isonipecaine, and every substance neither chemically nor physically distinguishable from them." It is provided in the same section that "'opium' includes morphine, codeine, and heroin, and any compound, manufacture, salt, derivative, mixture, or preparation of opium, including apomorphine or any of its salts."

■ The indictment was not challenged by demurrer or otherwise. In Shiflett v. State, 37 Ala.App. 300, 67 So.2d 284, 285, the offense was charged in various counts in the indictment in substantially the same language as used here. We held that, "The offense was clearly, directly, and expressly alleged in each count", and that demurrer was properly overruled. We cannot accord merit to appellant's contention that the indictment was fatally defective in failing to describe in greater detail the compound containing codeine which defendant was charged with possessing contrary to law.

Section 243 of said Title reads:

"Except as otherwise in this chapter specifically provided, this chapter shall not apply to the following cases: (1) Prescribing, administering, dispensing, or selling at retail of any medicinal preparation that contains in one fluid ounce, or if a solid or semi-solid preparation, in one avoirdupois ounce: * * * (c) not more than one grain of codeine or of any of its salts, * * (3) The exemptions authorized by this section shall be subject to the following conditions: (a) No person shall prescribe, administer, dispense, or sell under the exemptions of this section, to any one person, or for the use of any one person or animal, any preparation or preparations included within this section, when he knows, or can by reasonable diligence ascertain, that such pre-

scribing, administering, dispensing, or selling will provide the person to whom or for whose use, or the owner of the animal for the use of which, such preparation is prescribed, administered, dispensed, or sold, within forty-eight consecutive hours, with * * * more than two grains of codeine or any of its salts * * *."

Section 240 of said Title 22 provides:

"A person to whom or for whose use any narcotic drug has been prescribed, sold, or dispensed, by a physician, dentist, apothecary, or other person authorized under the provisions of section 235 of this title, and the owner of any animal for which any such drug has been prescribed, sold, or dispensed, by a veterinarian, may lawfully possess it only in the container in which it was delivered to him by the person selling or dispensing the same."

Counsel contends in brief that the exemptions from the provisions in the act contained in Section 243, quoted above, apply to defendant, and since the proof, at most, showed that the compound possessed by defendant contained five-eighths of a grain of codeine, which is less than the one grain allowed under the said exemption, the State has failed to make out a case against defendant.

The further contention is that under Section 240, supra, it is not an offense to have in possession a narcotic drug which has been prescribed by a person authorized to prescribe it, if it is possessed in the original container, regardless of the amount.

These contentions cannot be sustained. The conviction was for possessing narcotic drugs. Under the statute the quantity of the narcotic drug possessed is immaterial. The possession of any amount contrary to the provisions of the act is a violation of the law.

The burden of bringing himself within any exception or exemption of the act creating the offense was upon the defendant. Shiflett v. State, 37 Ala.App. 300, 67 So.2d 284; People v. Palumbo, 5 Ill.2d 409, 125 N.E.2d 518. Nothing appears in the record tending to show that defendant possessed the drug in accordance with the provisions of Section 240, supra, or that he was "prescribing, administering, dispensing, or selling at retail of any medicinal preparation", etc., in accord with the quoted provisions of Section 243, supra.

We are of the opinion the evidence was sufficient to sustain the judgment of conviction.

Section 255 of Title 22 Code, supra, provides that: "Any person violating any provision of this chapter, except as otherwise herein provided, shall be guilty of a misdemeanor, * * *." The second paragraph of said section reads, in pertinent part: "Any person who possesses, sells, furnishes, or gives away any cocaine, alpha or beta eucaine, opium, morphine, heroin, or isonipcaine contrary to the provisions of this chapter, * * * is guilty of a felony, * * *."

It is to be noted that although Section 232, Title 22, supra, provides that opium is a narcotic drug and that opium includes morphine, codeine, and heroin, and any compound, derivative, mixture or preparation of opium, etc., yet it is to be further noted that in enumerating the drugs the possession, selling, furnishing or giving away of which is made a felony, morphine and heroin, as well as the inclusive term, "opium," are set out, but that codeine is not included in the enumeration.

It is a principle of interpretation that the special mention of one thing in a law implies the exclusion of the things not mentioned, "Expressio unius est exclusio alterius." 18 Ala.Dig.Statutes, ☜195.

It is our view that the statute, in providing that a violation of the narcotics statute shall be a misdemeanor, "except as otherwise herein provided," and by enumerating certain drugs the possession of which is termed a felony and making special mention of morphine and heroin, as well as the inclusory drug "opium," implies the exclusion of codeine from such provision.

Another rule of statutory construction applicable here is that penal statutes are to be strictly construed in favor of persons sought to be subjected to their operation. Fuller v. State, 257 Ala. 502, 60 So.2d 202; 18 Ala.Dig.Statutes, ⊚═241(1).

We are of the opinion the logical conclusion is that if the legislature had intended to extend the provisions to include codeine as one of the preparations the possession of which constituted a felony, it would have so provided.

The imposition of the sentence was error as sentence should have been imposed as for a misdemeanor, but such error does not require reversal of the judgment of conviction.

The judgment of the trial court is affirmed but the cause is remanded for proper sentence.

Affirmed but remanded.