96 So.2d 829

Daniel Webster **FULLER**

v.

**STATE.**

6 Div. 460.

Court of Appeals of Alabama.

Aug. 27, 1957.

C. E. Huey, Birmingham, for appellant.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment, omitting the formal parts, charged that defendant on or about the 20th day of April, 1956, did unlawfully possess seven and one-quarter grains of morphine. The jury returned a verdict of guilty. This was defendant's third conviction for violation of the State narcotics laws. He was sentenced, under the provisions of Section 255, Title 22, Code 1940, to the penitentiary for a term of ten years.

The State presented evidence by Federal narcotic agents tending to show that the defendant did on the 20th day of April, 1956, purchase and possess one quart of paregoric, which Mr. Shill, a chemist for the State Department of Toxicology and Criminal Investigation, testified contained one-fifth of a grain of morphine per fluid ounce, or a total content of 6.4 grains.

At the conclusion of the State's testimony in chief the defendant moved to exclude the evidence on two grounds: (1) because of a variance between the averments of the indictment and the proof submitted, and (2) that defendant comes within the exemption provided for in Section 243 of Title 22, Code, as follows: "Except as otherwise in this chapter specifically provided, this chapter shall not apply to the following cases: (1) Prescribing, administering, dispensing, or selling at retail of any medicinal preparation that contains in one fluid ounce, * * * (b) not more than one-quarter of a grain of morphine or of any of its salts."

The court overruled the motion.

No evidence was submitted in defendant's behalf.

As to appellant's first ground of motion, it is sufficient to prove so much of an indictment as shows that the defendant has committed a substantial offense specified therein. Porter v. State, 58 Ala. 66; State v. Murphy, 6 Ala. 845; Blakeney v. State, 244 Ala. 262, 13 So.2d 430. The fact that the indictment alleged that defendant possessed seven and one-quarter grains of

morphine, while the proof showed he possessed six and four-tenths grains did not constitute a variance.

As to the second ground of motion, defendant was charged with possession of morphine.

■■ There was no evidence tending to show that he was "prescribing, administering, dispensing or selling at retail of any medicinal preparation," etc., as authorized by Section 243, supra. The burden of bringing himself within an exception or exemption provided for under said act was upon the defendant. Schenher v. State, 38 Ala. App. 573, 90 So.2d 234, certiorari denied 265 Ala. 700, 90 So.2d 238; Shiflett v. State, 37 Ala.App. 300, 67 So.2d 284.

The motion to exclude the evidence was properly overruled.

■ The evidence presented a question for the jury and was sufficient to sustain the judgment of conviction. Schenher v. State, supra. There was no error in the refusal of the requested general affirmative charge.

■ No brief has been filed for defendant, but we have carefully searched the record, as required by the statute, and finding no reversible error, the judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.