246 So.2d 677

**Eugene BATSON**

v.

**STATE.**

**5 Div. 31.**

Court of Criminal Appeals of Alabama.

Jan. 26, 1971.

Rehearing Denied March 30, 1971.

James K. Haygood, Jr., Auburn, for appellant.

MacDonald Gallion, Atty. Gen., and Joseph Victor Price, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an appeal from a conviction for the offense of robbery. The punishment was fixed at life imprisonment in the penitentiary.

The evidence for the state tends to show that two men entered a grocery store in Lee County, Alabama, on February 19, 1969, and held up the operator at gun point. Mrs. Dupriest, who was alone in the store, received severe head injuries. The defendant and a companion were apprehended in an automobile in Russell County. They were taken back to Opelika in the patrol car. A deputy sheriff of Lee County drove the automobile in which defendant had been riding to the Lee County Courthouse and obtained a warrant

for the search of the car. Several articles, including a crowbar presumably used in striking Mrs. Dupriest, obtained by the search of the automobile, were introduced in evidence over defendant's objection. Mr. Dupriest testified the wrecking bar was in the store the morning of the robbery.

The objection to evidence concerning the search was made on the ground that the warrant was not issued by a magistrate as required by law. The search warrant was issued by "Ed E. Johnson, Jr., Clerk of Common Pleas."

In overruling the objection the trial court referred to the Act creating the Court of Common Pleas of Lee County. That court was created by Act No. 242, Acts of the Legislature Regular Session of 1949, page 361 et seq. Subhead (e) of the Section 3 of said Act recites in pertinent part:

> "(e) the judge shall have authority to * * * (4) issue search warrants; * * *."

Subhead (c) of Section 11, in pertinent part, reads:

> "The clerk shall have power and authority (1) to administer oaths and take acknowledgements and affidavits; (2) to sign and issue all process issuing out of the court, including warrants, affidavits, summonses, subpoena, writs, executions."

Since the legislature expressly granted authority to the judge of the court to issue search warrants, it impliedly withheld such authority from the clerk under the rule of expressio unius est exclusio alterius. Schenher v. State, 38 Ala.App. 573, 90 So.2d 234; See 18 Ala.Dig. Statutes, ⬤195 for cases.

The search warrant, issued without authority, was invalid and the evidence obtained under its authority was inadmissible.

The judgment is reversed and the cause remanded.

Reversed and remanded.