304 So.2d 39

Billy PEPPERS

v.

STATE.

8 Div. 486.

Court of Criminal Appeals of Alabama.

July 30, 1974.

Rehearing Denied Oct. 1, 1974.

J. Terry Huffstutler, Jr., Guntersville, for appellant.

**696**

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant was found guilty by a jury under a count of an indictment charging him with selling marijuana in violation of the Alabama Uniform Controlled Substances Act of 1971. Another count of the indictment charging him with possession of marijuana was withdrawn by the State before the jury was selected to try the case. The court imposed a sentence of seven years imprisonment in the penitentiary.

Doug Nelson, an investigator employed by the Alabama Department of Public Safety as a narcotics undercover agent, testified that he saw defendant on January 26, 1973, at a store at Double Bridges on Alabama Highway No. 168; the defendant drove up beside the automobile the witness and one Randy Hayes were in and handed a lid of plant material out of the window and said, "Try this, and follow me." Thereafter the witness and Randy Hayes followed defendant to another area where defendant stopped on the side of the road, and the witness stopped his automobile behind that of defendant. Randy Hayes left the automobile in which he and the witness were riding and went to the automobile of the defendant and returned and asked for money from the witness. Thereupon the witness gave Randy Hayes three twenty dollar bills, Hayes went back to the Peppers vehicle and returned with two more lids of marijuana and money in the amount of $15.00. The witness further testified that he turned the three packs of plant material over to Sergeant R. M. Patterson at the Holiday Inn in Boaz, Alabama. On cross-examination the witness stated that he had known Randy Hayes for only two days, that Hayes had arranged the meeting after having told the witness he would help him get some marijuana. The incident occurred in the daytime, and according to the witness the sun was still shining. On further cross-examination the witness testified positively "I know Billy Peppers handed it (the marijuana) to Randy Hayes." He said he saw only the defendant and two others in the other automobile. He said he could see the side of defendant's face when he handed the two lids of marijuana to Hayes.

Randy Hayes did not testify in the case.

Other witnesses for the State were Sergeant Robert M. Patterson, John Kilborn and Allen Adair. Sergeant Patterson corroborated the testimony of Doug Nelson to the effect that the three lids of marijuana

were turned over to Patterson, also an employee of the Alabama Public Safety Department, Narcotics Division, and testified that he ran a valtox test on the substance which indicated positive and that he placed the material in a brown envelope. Mr. Kilborn corroborated testimony of Sergeant Patterson to the effect that th( brown envelope with the material therein was placed in the hands of Mr. Kilborn, of the State Toxicology Laboratory in Huntsville, and testified he turned the material over to Criminalist Allen Adair of the Alabama Department of Toxicology and Criminal Investigation. Mr. Adair corroborated the testimony of Mr. Kilborn as to the material being turned over to him and testified as to his examination, analyses and conclusions as to the material. His testimony showed that he had had considerable experience in the field of drug identification, including marijuana. He testified in detail as to the tests and positively that the "green plant material" in the bags was marijuana. He testified specifically that the substance he examined had a postive test for "four of the cannabanoids which are present in the resin of marijuana." The three bags of marijuana were introduced in evidence.

Defendant offered no evidence.

Appellant challenges the sufficiency of the evidence in two respects:

1. That the testimony did not show that a sale of the material was made by the defendant; and

2. That there is no evidence that the substance analyzed, tested and identified as marijuana constituted illegal marijuana, that the marijuana could have been legal marijuana, that is, marijuana that is excluded from the inhibitions of the Alabama Uniform Controlled Substances Act of 1971.

■ Although the evidence as to the identity of the person who sold the marijuana was not a strong as it would have been if Randy Hayes, who was in closer relation than Nelson to defendant at the time of the sale of the marijuana, had testified as to the transaction that Doug Nelson testified he witnessed, there is no escape from the conclusion that the testimony of Doug Nelson was sufficient to present a jury issue as to an actual sale by defendant. Neither a request for an affirmative charge in favor of defendant nor a motion to exclude the evidence was made at the close of the evidence, but the question of the sufficiency of the evidence was raised on a motion for a new trial, which was properly overruled by the trial court.

As to appellant's insistence that the evidence does not show that the material was illegal as distinguished from legal marijuana, we first set forth the pertinent part of Title 22, § 258(25)(o), Code of Alabama as follows:

" 'Marihuana' means all parts of the plant Cannabis sativa L. whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of the plant which is incapable of germination."

Whether a particular portion of marijuana is illegal, as distinguished from legal marijuana, as that distinction is delineated by the statute, is not so generally within the province of judicial knowledge that a trial or appellate court can make a determination thereof merely by observance of the material, but the evidence as a whole shows almost conclusively, if the testimony of the witnesses is to be accepted, that the particular material did contain illegal mari-

juana. There is nothing in the testimony to indicate that the material was limited to that which is included in any of the exempted categories. On the other hand, the testimony is strongly to the effect that the material did not contain any of the legal items. The appellation or description, "green plant material," is inconsonant with each and every excluded or exempted item. The same is true as to another description of a witness, "crushed marijuana leaves and stems." Nothing in the nature of any of the exemptions is shown by the testimony. The circumstances, including the price paid and the surreptitiousness of the transaction, indicate traffic in illegal rather than legal material. The material itself was introduced in evidence.

There is nothing in any question to, or answer of, any witness, to indicate that the substances involved, conclusively identified as marijuana, was within the exempted category. No specific point was made on the trial or in the motion for a new trial to the effect that the marijuana involved was in the group excluded by the statute. It cannot be said that as a matter of law the material was excluded by the statute. If it cannot be said as a matter of law that it was not excluded, it is clear that the verdict of the jury is strongly supported by the evidence.

It is not contended by appellant that a failure to identify the marijuana by its botanical name of Cannabis sativa L., as provided by the statute, precluded a conviction, but to avoid any misunderstanding as to whether such identification was necessary, we refer to State v. Romero, 74 N.M. 642, 397 P.2d 26 (1964), in which the court deals comprehensively with any such question as follows:

"The information in this case used the recommended form, and, additionally, specified the section claimed to have been violated and identified the type of drug as it is commonly known. Certainly, at least in this part of the United States, the word 'marijuana' is the name by which the drug 'cannabis' is most well known. It would unnecessarily lengthen this opinion to enter into a discussion or to quote at length from the various medical legal dictionaries which point out the similarity of identity of cannabis sativa L., cannabis, cannabis indica, hashish, and others, including marijuana with its diverse spellings; suffice it to say that apparently all the authorities are in accord with the definition of 'cannabis' given in Schmidt's Attorneys' Dictionary of Medicine:

"'Cannabis (kan'a-bis). The dried flowering tops of the Indian or American hemp plant *Cannabis sativa*, known popularly as marijuana, hashish, and bhang. It is used widely as a smoking material for its exhilarating effects which include exhaltation, morbid gaiety, a sense of unnatural well-being, etc.'

"And in Black's Law Dictionary, 4th ed., the following appears:

"'*Mariguana, Marihuana, Marijuana.*

"'"Mariguana" is an annual herb, cannabis sativa, having angular rough stem and deeply lobed leaves. The bast fibres of cannabis are the hemp of commerce. A drug prepared from "cannabis sativa," designated in technical dictionaries as "cannabis" and commonly known as marijuana, mariahuana, marajuana, maraguana, or marihuana, in Southern and Western states. * * *'

"See also Gould's Medical Dictionary, 2d ed., and Stedman's Medical Dictionary, unabridged lawyers' ed.; see also State v. Navaro, 1933, 83 Utah 6, 26 P.2d 955, for a discussion of all of the various terms and the differences in spelling of 'marijuana.'

"We conclude as a matter of law that marijuana is identical with cannabis, cannabis sativa L., and cannabis indica. Marijuana and cannabis indica are merely geographical oriented names of cannabis, whereas cannabis sativa L. is the botanical name of cannabis."

It should be noted also that the principle has been established, and is applicable here, that in a prosecution for unlawful possession or sale of narcotics, the burden is upon the defendant to bring himself within any exception or exemption provided by the statute creating the offense. Schenher v. State, 38 Ala.App. 573, 90 So. 2d 234, cert. denied 265 Ala. 700, 90 So.2d 238; Fuller v. State, 39 Ala.App. 219, 96 So.2d 829. Both cases find support by analogy in Shiflett v. State, 37 Ala.App. 300, 67 So.2d 284. We have considered with interest, but without agreement therewith, the attempt in the brief of appellant's counsel to distinguish the *Fuller* case and the *Schenher* case, the one involving possession of morphine and the other involving possession of paregoric containing codeine, from this case, but it does not convince us that the principle established in *Fuller* and *Schenher* should not apply here. We have fully considered the recent case of Hall v. State, 291 Ala. 397, 281 So.2d 662, and find that this conclusion is not out of harmony with any of the principles stated therein.

We have reviewed the entire record, as required by Title 15, § 389, Code of Alabama 1940, and having found no error therein prejudicial to appellant, the judgment appealed from should be affirmed.

The foregoing opinion was prepared by Honorable LEIGH M. CLARK, Supernumerary Circuit Judge, Serving· as a Judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

The judgment is hereby

Affirmed.

All the Judges concur.

## ON REHEARING

LEIGH M. CLARK, Supernumerary Circuit Judge.

With admirable skill, counsel for appellant continues to urge that the principle set forth in Schenher v. State, 38 Ala. App. 573, 90 So.2d 234, cert. denied 265 Ala. 700, 90 So.2d 238 and Fuller v. State, 39 Ala.App. 219, 96 So.2d 829, and other cases, to the effect that in a prosecution for unlawful possession or sale of narcotics the burden is upon defendant to bring himself within any exception or exemption provided by the statute creating the offense, is not applicable here, our opinion on original deliverance to the contrary notwithstanding. In view of the differences between the narcotics involved in the cited cases and the substance here involved, as emphasized by appellant's counsel, the desirability of an effort to give full consideration to all possible argument pro and con on the point before arriving at a conclusion, and the fact that a resolution of the specific question is not necessary to a proper determination of this appeal, we now decline to decide whether the stated principle set forth in *Schenher* and *Fuller* is applicable in this case, and we accordingly modify and thus extend our original opinion.

The testimony in the case shows that some or all of the substance sold was marijuana that did not consist of "mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of the plant which is incapable of germination." By the great weight of the evidence, the State has fully met any burden that may have been upon it to show that marijuana sold was contraband.

The foregoing extension and modification of opinion was prepared by Judge CLARK and has been adopted with the concurrence of all the regular judges of the Court.

Opinion extended; application overruled.