The defendant was indicted for the unlawful possession of marijuana. A trial by jury was waived and the case was submitted to the trial judge on a stipulation of facts. Basically those facts are that the defendant and a number of other individuals were found in possession of over 12,000 *Page 1227 
pounds of marijuana at a house in Orange Beach on March 31, 1977. The defendant was found guilty and sentenced to five years' imprisonment. On appeal he argues that this conviction was barred by a prior federal conviction for the same offense. We agree.
On April 18, 1977, the defendant was arraigned and pled not guilty to a State charge of possession of marijuana. He was convicted on this charge on February 13, 1979. On January 15, 1979, the defendant entered a guilty plea and was found guilty of Count One of a federal indictment charging him with the unlawful distribution and the possession with intent to distribute 12,246 pounds of marijuana.
 I
Citing Williams v. State, 348 So.2d 1113 (Ala.Cr.App. 1973), and Steward v. State, 55 Ala. App. 238, 314 So.2d 313, cert. denied, 294 Ala. 201, 314 So.2d 317 (1975), the State argues the general rule that a plea of former jeopardy should be filed before or simultaneously with a plea of not guilty and the failure to file at that time constitutes a waiver. However, circumstances beyond the control of the defendant may permit an exception to this general rule. Baldwin v. State, 47 Ala. App. 136,142, 251 So.2d 633 (1971).
Here the federal conviction did not occur until some time after the defendant's plea of not guilty in State court. At the State arraignment the defendant could not have filed any plea of former jeopardy. The plea was filed at the earliest possible opportunity. Consequently, it must be considered as having been timely filed.
 II
A consideration of the basis for the plea of former jeopardy in this case involves no state or federal constitutional question or right. Both the State and the defendant recognize that a prior conviction in federal court is no bar to a subsequent prosecution in State court for the same offense.Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666,3 L.Ed.2d 729 (1959); Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676,3 L.Ed.2d 684 (1959).
However the defendant's basis for his plea of former jeopardy is strictly statutory. Alabama Code Section 20-2-77 (1975) provides:
 "If a violation of this chapter (Controlled Substances) is a violation of a federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the same act is a bar to prosecution in this state."
Thus the only question is whether the federal crime of possession with intent to distribute marijuana is the same in law and in fact as the state crime of possession of marijuana.
In State court the defendant was charged and convicted of the felony possession of marijuana. The State statute under which the indictment was had and the conviction obtained reads, in pertinent part, as follows:
 "Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away, . . . controlled substances . . . is guilty of a felony." Alabama Code Section 20-2-70 (1975).
The count of the federal indictment under which the defendant was convicted charged that he "knowingly and intentionally did unlawfully distribute and possess with the intent to distribute approximately 12,246 pounds of marijuana".
The record reveals that the marijuana which is the subject matter of the federal indictment is precisely the same substance which the defendant is accused of possessing in the state indictment at the same time and the same place.
In Alabama, in a prosecution for illegal possession of marijuana, there is a presumption that the possession is for other than personal use. The showing of possession for personal use is a defensive matter and the burden of proving this matter is upon the defendant. Lee v. State, 350 So.2d 743 (Ala.Cr.App. 1977); Roberts v. State, 349 So.2d 89 (Ala.Cr.App.), cert. denied *Page 1228 349 So.2d 94 (Ala. 1977); Schenker v. State, 38 Ala. App. 573,90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956). The State need not prove that the possession of marijuana was not for personal use. Corbin v. State, 55 Ala. App. 33,312 So.2d 604 (1975); Watkins v. State, 50 Ala. App. 111,277 So.2d 385, cert. denied, 291 Ala. 801, 277 So.2d 389 (1973).
Consequently, we find no legal distinction to be drawn from a federal charge of possession with intent to distribute and an Alabama charge of felony possession. As previously stated there is no factual difference between the charged crimes. The crimes are the same in law and in fact.
When the standard test for former jeopardy is applied there is no question that the defendant could have been convicted upon the first indictment upon proof of the facts averred in the second. Smith v. State, 256 Ala. 444, 55 So.2d 208 (1952);State v. Johnson, 12 Ala. 840 (1848). Williams v. State,348 So.2d 1113 (Ala.Cr.App.), cert. denied, 348 So.2d 1116 (Ala. 1977), supports this proposition and has been misconstrued by the State. The testimony (stipulated) on which the defendant was convicted in State court for possession would sustain a conviction in federal court for possession with intent to distribute since the amount of marijuana involved in both prosecutions was 12,000 pounds or more and this same quantity was found in the same location. Intent to distribute can be inferred from the possession of a large quantity of marijuana.United States v. Johnson, 469 F.2d 973, 977 (5th Cir. 1972);United States v. Perry, 480 F.2d 147, 148 (5th Cir. 1973).
One of the purposes of enacting the Alabama Controlled Substances Act was "to standardize all laws in this State to be in conformity with the new Federal Comprehensive Drug Abuse Prevention and Control Act of 1970". Clearly the purpose and intent of Section 20-2-77 is to bar a state prosecution when the defendant has been previously convicted in federal court (or the court of another state) for the same act.
Since the prosecution of the defendant in State court was barred under state statute, his conviction must be reversed and rendered.
REVERSED AND RENDERED.
All the Judges concur, except DeCARLO, J., who dissents.