Sale of marijuana, fifteen years.
William Gibson testified that on October 31, 1980, he and Larry "Hollywood" McReynolds talked with appellant at the residence of appellant's mother, located in the Old Dump Road area, north of Fulton in Clarke County. Gibson, working as an undercover agent for the Clarke County Sheriff's Department, asked appellant if he had any marijuana. Appellant responded he did and Gibson asked for an ounce. Appellant said he had it available and that it would cost forty-five cents (street talk for forty-five dollars). They proceeded to appellant's house trailer, where Gibson made the purchase in the presence of "Hollywood" and six black males. Gibson gave appellant forty-five dollars in cash. Gibson left appellant's trailer and took the marijuana to Sheriff Ray Sheffield at the Clarke County Courthouse. The marijuana was delivered by Gibson to the Sheriff in the same plastic bag, and in the same condition in which he received it from appellant.
Ray Sheffield, Sheriff of Clarke County, testified that undercover agent William Gibson brought a quantity of marijuana in a plastic sandwich bag to his office on October 31, 1980. He placed it in a manila *Page 821 
envelope, sealed it with tape and put his initials, appellant's name, the date, and possibly the time of day on the envelope. The marijuana was kept in a locked safe until January 22, when it was taken to the toxicologist's office in Mobile. Dr. Jim Small and Debbie Sennett were present at the toxicologist's office when Sheffield delivered the marijuana. A girl in the office actually received and opened the envelope. Dr. Small was standing in the office and Deborah Sennett was walking in and out of the office. Sheffield stated the marijuana was in the same condition and same envelope when he delivered it to Dr. Small as when he received it from Gibson. Sheffield and the deputy sheriff were the only ones with keys and access to the safe. The sheriff testified he delivered packages for approximately sixteen cases the day he delivered the substance in question.
Deborah Sennett, a drug analyst with the Department of Forensic Sciences, testified she received a package from Sheriff Sheffield in her office on January 22, 1981. She was shown the package by the prosecution and identified it as the package delivered for this case on January 22, 1981. She stated the normal office procedure was to place the case number on the evidence and on a file folder. If the evidence is not in a manila envelope, it is placed in one and a piece of tape is placed across the back with the officer's initials. If she is not personally present, one of the people in the lab signs for the evidence. She stated she examined the contents by normal routine analysis for marijuana and concluded the substance was marijuana. After she analyzed the substance, she sealed the sample, and retained it in her custody until the time of the trial. She stated the substance was in the same condition as when it was received at the lab. The State offered the package at that point, and it was received into evidence over appellant's objection and assertion that no proper predicate or chain of custody had been proved.
On cross-examination, Ms. Sennett testified the manila envelope contained two plastic bags, one plastic bag containing the marijuana within another plastic bag. Also, on cross-examination, she stated she did not personally receive the envelope from Sheriff Sheffield nor was she present when it was delivered. She also did not know if it arrived at the office in the same envelope in which she received it. Although the initials "R.S." were present on the envelope, she stated there was no date or name written on the package. She further testified the package contained flower tops, leaves and fragments, along with fiber from the stem and stalks of the mature cannabis sativa L. plant.
The State rested following the close of Ms. Sennett's testimony. The appellant's motion to exclude the State's evidence was denied, and appellant rested without presenting any testimony.
 I
Appellant contends the State failed to establish the proper chain of custody necessary to identify and authenticate the marijuana. This issue is complicated by conflicting testimony by the witnesses on direct and cross-examination.
Undercover agent William Gibson testified he received the marijuana in a plastic bag from appellant on October 31, 1980. He proceeded from the appellant's trailer to Sheriff Sheffield's office and delivered it to the sheriff in the same condition as he had received it from appellant. Sheriff Sheffield stated he received a plastic bag containing marijuana from undercover agent Gibson at his office on October 31, 1980. He placed the plastic bag in an envelope, sealed it with tape, put his initials on it, and then placed it in a locked vault at the sheriff's office. The only other person who had access to the locked vault was the deputy sheriff, and the vault was only unlocked in his or the deputy sheriff's presence. On January 22, Sheriff Sheffield took the package to the toxicologist's office and delivered it to Dr. Jim Small and Debbie Sennett, in the same condition as when he received it from agent Gibson.
On cross-examination, the sheriff testified he also wrote the appellant's name and *Page 822 
the date he received the marijuana on the manila envelope at the time agent Gibson brought the substance to his office. He stated there was only one plastic sandwich "baggie" containing the marijuana which Gibson delivered to him. Also, he testified on cross-examination that he actually physically handed the marijuana envelope to a clerk in the toxicologist's office who routinely gave his office receipts for substances brought to the lab. She opened the envelope in his presence, as well as in the presence of Dr. Small and Deborah Sennett.
Deborah Sennett testified she received a package from Sheriff Sheffield at the forensic sciences office on January 22, 1981. She identified State's Exhibit I as the same package that was delivered on January 22, 1981. She examined the contents of the package, and found it contained marijuana. After she analyzed the substance she resealed the package and retained it in her custody until the time of the trial. She stated the package was in the same condition as when it was received at the lab, other than for the removal of a small amount for analysis in the laboratory tests.
The State then offered the item into evidence at the close of Ms. Sennett's direct examination. The court admitted the item into evidence over an objection by appellant based upon a failure to prove a proper predicate and chain of custody.
On cross-examination, Ms. Sennett testified in conflict to Sheriff Sheffield's testimony, that the envelope contained two plastic bags, one inside the other, and that the envelope did not have a date or appellant's name written upon it. She further stated, in direct conflict to her previous testimony, that she did not receive the envelope from Sheriff Sheffield, was not present when the envelope was delivered at the office, and did not know if it was the same envelope as the one Sheriff Sheffield delivered. She did not have any first-hand knowledge of the origin of the green plant material.
The appellant made no objection to the introduction of the evidence at the close of Ms. Sennett's testimony, and stated to the trial court that he had no further objections.
At the time the State offered the item, the testimony had proved a satisfactory and proper identification and chain of custody of the marijuana. The evidence sufficiently established that there was no break in the chain of custody and identified the substance as the same as that which was purchased from the appellant. The evidence need not negate the most remote possibility of substitution, alteration, or tampering with the evidence, but rather must prove to a reasonable probability that the item is the same as, and not substantially different from, the object as it existed at the beginning of the chain.Mauldin v. State, Ala.Cr.App., 402 So.2d 1106 (1981). The trial court did not err in overruling appellant's objection.
The testimony of Ms. Sennett on cross-examination does indicate a possible break in the chain of custody which could put the identity and sameness of the item in question. Johnsonv. State, Ala.Cr.App., 378 So.2d 1164, cert. denied, Ala.,378 So.2d 1173 (1979). Yet, the record clearly shows that not only did the appellant subsequently fail to object to the prior introduction of the item, or move to exclude the item from the jury's consideration, he stated to the court that he had no further objections.
In Oates v. State, Ala.Cr.App., 375 So.2d 1285 (1979), we stated:
 "[W]hen evidence is admitted on direct examination, and later, during cross-examination, it appears that such evidence was not admissible, and the complaining party does not make a proper motion to exclude such evidence from the jury, the trial court cannot be put in error for permitting that evidence to remain before the jury." [Citations omitted]
Because the appellant did not object or move to exclude the specific evidence, there is no error preserved for our review.Price v. State, 52 Ala. App. 21, 288 So.2d 803 (1974).
We point out further that this court is required to take that evidence which is *Page 823 
most favorable to the State as true. Johnson v. State, supra. Hence, the conflict in Ms. Sennett's and Sheriff Sheffield's testimony may be regarded as affecting the credibility but not the admissibility of the evidence.
 II
Appellant alleges the court erred in failing to grant his motion to exclude the State's evidence because the State failed to prove that the substance sold by appellant was marijuana as defined by Alabama Code Section 20-2-2 (15) (1975), which defines marihuana as follows:
 "All parts of the plant Cannabis sativa L., whether growing or not, the seeds thereof, the resin extracted from any part of the plant and every compound, manufacture, salt, derivative, mixture or preparation of the plant, its seeds or resin. Such term does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil or cake or the sterilized seed of the plant which is incapable of germination."
Deborah Sennett, a drug analyst with the Department of Forensic Sciences with six years experience with the department testified she examined the substance and determined it to be marijuana. Ms. Sennett's expert testimony that the substance was marijuana established a prima facie case for the State in and of itself. Bickerstaff v. State, Ala.Cr.App., 369 So.2d 315
(1979). Though Ms. Sennett did testify upon cross-examination that the substance contained fibers and stems from a mature stalk of the cannabis sativa L., she testified as well that the substance also contained flower tops, leaves, and fragments. Where some or all of the substance sold is shown to be marijuana, the State has met its burden in proving its case.Peppers v. State, 53 Ala. App. 695, 304 So.2d 39, cert. denied,293 Ala. 770, 304 So.2d 43 (1974). It is not necessary for the State to prove the presence of tetrahydrocannabinol, where, as here, the toxicologist by employing her testing procedure determines the substance to be marijuana. Radney v. State, Ala.Cr. App., 342 So.2d 942, cert. denied, Ala., 342 So.2d 947
(1977). As we stated hereinabove, this court takes that evidence which is most favorable to the State as true and correct, according the prosecution all legitimate inferences therefrom. Johnson, supra.
 III
Appellant argues the court erred in refusing his requested written charge number 15. The charge appears in the record as follows:
 "I charge you, members of the jury, that the burden is upon the prosecution to prove beyond a reasonable doubt that the substance alleged to have been sold by the defendant was, from the evidence, marijuana as defined by law. I charge you, then, that the burden is upon the prosecution to prove beyond a reasonable doubt that the substance alleged to have been sold was as follows:
 "Marijuana means all parts of the plant Cannabis Sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of the plant, and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of the plant which is incapable of germination."
In the absence of evidence which affirmatively shows that the substance in question consists of the material listed in the description contained in the charge above, it is not error to refuse such a charge. Reed v. State, Ala.Cr.App.,401 So.2d 131, cert. denied, Ala., 401 So.2d 139 (1981). In the immediate case, there was *Page 824 
non-conflicting evidence presented by the State toxicologist which indicated the substance consisted of both listed and non-listed vegetable matter from the cannabis sativa L. plant. Ms. Sennett testified, however, that the substance tested was in fact marijuana. Ms. Sennett's testimony that the substance was marijuana was uncontradicted. Neither the State nor appellant produced any evidence to the contrary.
The first part of appellant's requested charge was substantially and fully covered by the court's oral charge to the jury and its refusal will not work reversal. Reed, supra. Though the second part of the charge is a correct statement of the definition of marihuana at law, the court's refusal to define the term, under the testimony presented during the trial, was not reversible error. "The giving or refusing to give mere definitions of words will not work a reversal, unless the meaning of the word is so obscure as to need explanation in order that the jury may arrive at its correct meaning asapplied to the facts in the particular case." Locklear v.State, 17 Ala. App. 597, 87 So. 708, cert. denied, 205 Ala. 236,87 So. 712 (1920). [Emphasis added] Under the facts of the case, the State proved without dispute the substance was marijuana. The refusal of the charge did not prejudice the substantial rights of the appellant.
We have reviewed the entire record and find no error harmful to the substantial rights of appellant; therefore the judgment of conviction by the Clarke Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.