BOWEN, Presiding Judge,
dissenting.
While the author of the majority opinion commands my respect, as does the opinion of the majority, I find myself in fundamental disagreement with that part of the opinion which modifies the defendant’s conviction of felony possession and reduces it to the misdemeanor of possession of marijuana for personal use only.
This Court has consistently held that in prosecutions for the possession of controlled substances, the quantity of the drug possessed is immaterial. Allen v. State, 382 So.2d 1147, 1157 (Ala.Cr.App.1980), cert. denied, Ex parte Allen, 382 So.2d 1158 (Ala.1980); Sckenher v. State, 38 Ala.App. 573, 576, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956). “The possession of any amount contrary to the provisions of the act is a violation of the law.” Schenher, supra.
“However in Corbin v. State, 55 Ala.App. 33, 312 So.2d 604 (1975), this court *1300 held that it is not necessary for the state to prove that possession of marijuana was for personal use, since possession for personal use is a defensive matter. Possession for personal use is the exception to Section 258(47) and provides a lesser punishment for persons found in possession of marijuana for their personal use only on first conviction. Palmer v. State, 54 Ala.App. 707, 710-711, 312 So.2d 399 (1975). Showing possession for personal use is a matter for defense and the burden of adducing evidence on this issue is upon the accused just as in a prosecution for the possession of prescribed drugs, the burden is on the accused to show that the drugs were lawfully prescribed. See Knox v. State, 50 Ala.App. 494, 280 So.2d 200 (1973). In a prosecution for the unlawful possession of morphine, the defendant has the burden of bringing himself within any exception or exemption provided under the statute creating the offense. Fuller v. State, 39 Ala.App. 219, 96 So.2d 829 (1957), citing authority at 39 Ala.App. 221, 96 So.2d 829. The burden is on the accused to show that a statutory exemption or exception is applicable, and the state does not have the burden of proving that the accused does not come within excepted categories in the statute. 28 C.J.S. Drugs and Narcotics Supplement Section 190 at p. 279.
“Under Section 258(47) the degree of possession, whether a felony or a misdemeanor, depends upon the use of the marijuana and not the quantity involved. If for personal use only, the crime is a misdemeanor, otherwise a felony. Powers v. State, 49 Ala.App. 690, 275 So.2d 369 (1973).
“ ‘We are not prepared to say that any given quantity of marihuana possessed marks a line between possession for personal use and possession for such other purpose as sale, barter, or gift.’ Corbin, supra, 55 Ala.App. 36, 312 So.2d [604] 607.
“Yet, the smaller the quantity of marijuana possessed, the more consistent it would be with personal use. Compare Powers, supra, where there was testimony that a matchbox of marijuana was the quantity ‘common for personal use’, and Osner v. State, 54 Ala.App. 520, 310 So.2d 241 (1974) stating: ‘To indulge in the speculation that 800 pounds of marijuana is for personal use only is to strain credulity almost to the breaking point.’ “The statute prohibits the possession of any amount of marijuana. The burden is upon the accused to show that the amount possessed, however large or small it may be, is for his personal use only. The state is not required to prove that the marijuana is possessed for the purpose of sale under an indictment charging, as here, mere possession. Title 22, Section 258(47).” Roberts v. State, 349 So.2d 89, 93 (Ala.Crim.App.), cert. denied, Ex parte Roberts, 349 So.2d 94 (Ala.1977).
[[Image here]]
“In Alabama, in a prosecution for illegal possession of marijuana, there is a presumption that the possession is for other than personal use. The showing of possession for personal use is a defensive matter and the burden of proving this matter is upon the defendant. The State need not prove that the possession of marijuana was not for personal use.” Barnett v. State, 373 So.2d 1226, 1227-28 (Ala.Crim.App.), cert. denied, 373 So.2d 1230 (Ala.1979) (citations omitted).
See also Lee v. State, 350 So.2d 743 (Ala.Cr.App.1977); Corbin v. State, 55 Ala.App. 33, 312 So.2d 604 (1975); Peppers v. State, 53 Ala.App. 695, 304 So.2d 39, cert. denied, 293 Ala. 770, 304 So.2d 43 (1974); Watkins v. State, 50 Ala.App. 111, 277 So.2d 385, cert. denied, 291 Ala. 801, 277 So.2d 389 (1973).
The State’s evidence in this case shows that in the vehicle with the defendant was a second individual. Investigator Tabb advised both men of their Miranda rights and noticed that “both appeared unsteady, eyes were bloodshot.... their pupils were dilated and didn’t react to light.” Without further recitation of the facts, the evidence justified a reasonable inference that both *1301 the defendant and his companion were under the influence of the drug.
If the defendant was sharing his marijuana with another, a finding the evidence fully justifies, it can hardly be said that his possession was for his “personal use only.” Section 20-2-70 (emphasis added). Consequently, the finding of the majority that “(a)ll of the evidence is to the effect that whatever marijuana was in his possession, ... was in his possession for his personal use only” is simply not supported by the record.
As noted by the majority, “At no time during the trial, ... do we find any reference whatever to the question whether the defendant’s alleged possession of marijuana was for his personal use only.” For all this Court knows, the defendant could have had a previous misdemeanor possession conviction which would have precluded a second misdemeanor conviction. Section 20-2-70.
For these reasons, I dissent from the majority opinion and would simply affirm the judgment of the circuit court.