SAM TAYLOR, Judge.
Appellant was convicted of violation of the Uniform Controlled Substances Act, § 20-2-70(a), Code of Alabama 1975, and sentenced to three years’ imprisonment. On appeal he contends that his own testimony that the marijuana was for his personal use alone should have brought him within the “personal use exception,” placing the burden of proof on the prosecution. We disagree.
Section 20-2-70(a), Code of Alabama 1975, states in pertinent part as follows:
“Except as authorized by this chapter, any person who possesses, ... controlled substances enumerated in schedules I, II, III, IV and V is guilty of a felony ... provided that any person who possesses any marihuana for his personal use only is guilty of a misdemeanor ... provided further, that the penalties for the subsequent offenses relating to possession of marihuana shall be the same as specified in the first sentence of this subsection.”
The appellant was indicted under a four-court indictment, each charging him with possession of marijuana. The differences were that Count I stated, “... not for his personal use only;” Count II stated, “for purposes other than his personal use only;” Count III said, “... for the purpose of unlawful distribution to another;” and Count IV stated, “... for the purpose of unlawfully selling, furnishing, or giving away to another.”
The court in charging the jury, stated that “... in the final analysis, the defendant is charged by indictment with the offense of possession of marijuana for purposes other than for his personal use.” This of course is what the jury found to be the case by their verdict: guilty as charged.
In Barnett v. State, 373 So.2d 1226 (Ala. Cr.App.1979), we stated the following, speaking through Judge Bowen:
“In Alabama, in a prosecution for illegal possession of marijuana, there is a presumption that the possession is for other than personal use. The showing of possession for personal use is a defensive matter and the burden of proving this matter is upon the defendant. Lee v. State, 350 So.2d 743 (Ala.Cr.App.1977); Roberts v. State, 349 So.2d 89 (Ala.Cr. App.), cert. denied, 349 So.2d 94 (Ala. 1977); Schenher v. State, 38 Ala.App. 573, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956). The State need *501 not prove that the possession of marijuana was not for personal use. Corbin v. State, 55 Ala.App. 33, 312 So.2d 604 (1975); Watkins v. State, 50 Ala.App. 111, 277 So.2d 385, cert. denied, 291 Ala. 801, 277 So.2d 389 (1973).”
See also, Brown v. State, 392 So.2d 1248 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1266 (Ala.1981), and other cases listed in the annotations to § 20-2-70, Code of Alabama 1975.
After the state has made out a prima facie case of possession of marijuana, then the defendant has the burden of proving possession for personal use. His evidence that the possession was for his personal use does not change the burden of proof, and the state is not required to present any rebuttal testimony.
No error appears to have been committed in this respect. Accordingly, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.