196 So. 160

## DORGAN v. STATE.

### I Div. 355.

Court of Appeals of Alabama.

May 14, 1940.

Ed Dorgan, pro se.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen. for the State.

SIMPSON, Judge.

This case deals with a criminal prosecution under the State Pilotage Commission Act of 1931, specifically Section 28 thereof.

Upon original submission, appellant (defendant in the court below) failed to support the appeal with brief and argument. After submission of the cause, however, and the filing of brief and argument in behalf of appellee by the Attorney General, the appellant did present his brief and argument, pro se, and to which, also, this court has addressed careful consideration.

The appeal is upon the record proper, no bill of exceptions appearing in the transcript. It is thereby disclosed that the proceedings in the lower court were orderly. This review, therefore, involves consideration, only of that court's action in overruling of the demurrers to the several counts of the indictment, interposed by the defendant pending trial. For the reasons hereinafter evidently appearing in this opinion, it is unnecessary to here set out either the indictment or demurrers thereto.

The prosecution was for violation of Section 28 of said Act—where the defendant was charged with having engaged in the transaction denounced therein, viz., piloting or conducting a vessel without a branch as pilot. General Acts of Alabama 1931, Act No. 81, p. 154 et seq.

The alleged deficiencies of the indictment, charged by the demurrers, may be, for convenience, grouped, as follows: (1) That the indictment did not, by affirmative averment, deny that the designated vessel (which defendant was charged with having piloted without a license) was exempted under the Alabama statute, supra; (2) to like effect, that the indictment did not affirmatively assert that said vessel was *not* exempted from the operation of the act by reason of federal law; (3) that said Section 28 of the Alabama Act was inconsistent or in conflict with the U. S. Shipping Act (specifically Section 4444, U.S. Rev. St., 46 U.S.C.A. § 215); and (4) the indictment (this is not true of the first two counts) "undertakes to negative certain exceptions, exempting certain vessels from compulsory pilotage, contained in said State Act of 1931, and fails to negative other exceptions exempting certain vessels from compulsory pilotage in such act." No. 7, Demurrers.

(1) Section 28 of the Act under which this prosecution was rested is: "Any person piloting or conducting a vessel in or

out of the bay of Mobile, or over the outer bar thereof without a branch as pilot, or after having forfeited or having been deprived of his branch, is entitled to no fee or reward for the service; and in addition thereto shall be punishable by a fine of not less than $25.00 nor more than $100.00 for each offense."

■ The vessels excepted or exempted (under the State Pilotage Act) from the operation of this Section are not therein listed but appear, elsewhere, in other Sections of the statute. It was, therefore, not necessary to negative these exceptions by averment in the indictment. "The rule is that, when the exception is set out in a separate clause or section from that creating and defining the offense, it is not necessary to negative the exception by averment. Clark v. State, 19 Ala. 552; Carson v. State, 69 Ala. 235; Grattan v. State, 71 Ala. 344; Hyde v. State, 155 Ala. 133, 46 So. 489; McLeod v. State, 8 Ala.App. 329, 62 So. 991." Newby v. State, 21 Ala.App. 353, 108 So. 272. Or, as aptly stated in Wharton's Criminal Procedure, "when they (the exceptions) are not so expressed in the statute as to be incorporated in the definition of the offense, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the statutory provisos." Vol. 1, 10th Edition, Section 288, p. 325. To like authority also reference may be made to 31 C.J. 720, § 269; 12 Ala.Dig., Indictment and Information, ☜ 111. Upon this attack, therefore, the indictment was invulnerable.

■ (2) Analogously, the same principle of law (authorities, supra) disposes of the contention, by demurrers, that the exemptions extant by reason of federal law must be negatived by indictmental averment.

■ (3) This court does not perceive the alleged conflict of Section 28 of the Alabama Act with the federal statutes, asserted in the demurrers. Authority of the States to legislate in such matters has been universally recognized. The right of States to so legislate is by power originally, and not by that conferred by the United States. The Chase, D. C. Fla., 14 F. 854; Wilson v. McNamee, 102 U.S. 572, 26 L.Ed. 234; Anderson v. Pacific Coast S. S. Co., 225 U.S. 187, 32 S.Ct. 626, 56 L.Ed. 1047; 46 U.S.C.A. §§ 211 to 215 and notes.

■ "State pilotage laws, though regulations of commerce, are within power of state until such power is abrogated by Congress. Robins Dry Dock & Repair Co. v. Navigazione Libera Triestina S.A. (Sup. 1931) [154 Misc. 788] 279 N.Y.S. 257, aff. (1932) 257 N.Y.S. 908, 235 App. Div. 841, aff. (1933) 185 N.E. 698, 261 N.Y. 455; Moran Towing & Transp. Co. v. Robins Dry Dock [& Repair] Co. (1933) 54 S.Ct. 72, 290 U.S. 656, 78 L.Ed. [568], 569, rearg. den. Robins Dry Dock & Repair Co. v. Navigazione Libera Triestina, S.A. (1933) 262 N.Y. 521, 188 N.E. 47." 46 U.S.C.A. (1939-40 Sup.) § 215, p. 80.

■ We hold to the view, therefore, that the Pilotage Act of this State is not subject to the asserted inharmony to congressional legislation on the subject, insisted upon by appellant. The Act (Alabama) was under consideration by the U. S. Circuit Court of Appeals. Mobile Bar Pilots Ass'n v. Commission of Internal Revenue, 5 Cir., 97 F.2d 695, 696. Support, there, is found for our conclusions here, in the statement, giving apparent approval to the act, to-wit: "Under the law of Alabama, Gen. Acts 81 and 611 Reg. Sess. 1931, pp. 154, 756, before a man can be licensed as a pilot at the port of Mobile he must have a license from the United States. See 46 U.S. C.A. § 214. He must have served at least three years at sea and one year as an apprentice pilot. He must pass an examination before the Alabama Commission to establish his fitness and be an American citizen of good character. * * * Pilotage fees are fixed by the state board. A pilot can not demand more nor accept less than these fees *under penalty fixed by law. For one not licensed to act as a pilot is a punishable offense.*" (Italics ours.)

■ (4) It is deemed unnecessary to consider the point raised by No. 7 (supra) of the demurrers. This deficiency (if it be one, and we do not hold that it is) does not pertain as to the first two counts of the indictment. These counts were, substantially, in the language of said Section 28, which created and declared the offense and which prescribed with definiteness the constituents thereof. They were, therefore, legally sufficient and not subject to the demurrers interposed. Porter v. State, 15 Ala.App. 218, 72 So. 776; Mason and Franklin v. State, 42 Ala. 543; Nix v. State, 27 Ala. App. 94, 166 So. 716.

■ If the remaining counts were defective at all, they were rendered so by setting out therein, some but not all of the ex-

emptions or exceptions then by law existing. Since, to aver such exceptions was not essential to the validity of the indictment—proof of such exceptions being defensive matter, exclusively, and in effect being superfluous allegations—it could not be conceived to have been of any possible prejudice to the defendant. But one offense, in fact, was charged in the several counts of the indictment, i. e. piloting the named vessel without a proper license. Substantially the same, and only the same, evidence, to prove the offense, was deducible under each of the counts; no less amount of proof, nor guilt to be shown, could have been exacted under one than the other of the several counts. No prejudice thus resulting to the defendant in such a situation, and the verdict of conviction returned by the jury being a general one, this verdict will be referred to the good counts (Nos. 1 and 2). 16 C. J., § 2594 (3), p. 1106; Hancock v. State, 14 Ala.App. 91, 71 So. 973; S.C. Rule 45. The status of the pleading in the pending case and that in Winchester v. State, 20 Ala. App. 431, 102 So. 595, and Pairo v. State, 49 Ala. 25—upon which authorities later decisions proceeded—is thus distinguished and we hold to the view that the two last mentioned cases lend support to our conclusions here.

Error, to the prejudice of the defendant, not appearing by the record submitted, the judgment below is affirmed.

Affirmed.