226 So.2d 669

**George Kelly SIZEMORE, alias**

v.

**STATE.**

**8 Div. 200.**

Court of Appeals of Alabama.

Sept. 9, 1969.

J. N. Powell, Jr., Decatur, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

CATES, Judge.

Sizemore was convicted in the Morgan County Court which has jurisdiction of all misdemeanors in said County. He was sentenced to two years in the county jail as a second offender.

The offense for which he was indicted was described by the Grand Jury as:

"* * * having been previously convicted under Section 258 of Title 22 of Code of Alabama 1940, as last amended, did unlawfully possess an amphetamine or other stimulating drug, which said drug was not obtained on the prescription of a practitioner as defined in Title 22, Section 258, Code of Alabama 1940, as last amended, or in accordance with Section 258 of Title 22 of Code of Alabama 1940, as last amended, against the peace and dignity of the State of Alabama."

At the outset, it is to be noted that the offense of possessing amphetamine has never been assimilated by our law makers into the Code. The above references to § 258 of T. 22 refer to portions of the Code of 1940 relating to marijuana. The statute directed against the possession, etc., of amphetamines is contained in Act 189, ap-

proved September 15, 1961.[1] Michie Publishing Company, in making up the so-called Revised Code of 1958, has undertaken to compress this statute into its pocket part supplement which appears therein as §§ 258 (13)–258(20) of Title 22.

▮ Prima facie the published statutes are accepted as evidence of what can be found in the Secretary of State's office. For this reason, the attempt to punish Sizemore as a second offender must fail because the indictment against him alleges, in effect, that he had previously been convicted of selling marijuana. Under § 8 of Act 189, approved September 15, 1961, a marijuana conviction is completely irrelevant to his punishment for violation of the amphetamine law.

▮▮ A more serious question, however, arises under § 3 of said Act 189, which provides in Subsection (4) that possession of the drug obtained on a prescription is not an offense. Unfortunately, the draftsman of this statute seems to have been unfamiliar with the rule which is more than 110 years old in this jurisdiction, to the effect that if the exception in defining a crime is set forth in the enacting clause, then it becomes necessary for the prosecution to negative the matter of exception. In Harris v. State, 248 Ala. 389, 27 So.2d 797, the Supreme Court stated as follows:

"The general rule is that an indictment which follows the language of the statute, denouncing a crime or misdemeanor, specifying the elements thereof and containing no exception in the clause defining the offense, need not negative matters which may be set up as a defense under other statutes or under provisos in the same statute."

See also Dorgan v. State, 29 Ala.App. 362, 196 So. 160 where Judge, now Mr.

Justice Simpson, cites authorities running all the way back to Clark v. State, 19 Ala. 552, as well as recognizing text writers.

Since there was no proof to negative Sizemore's innocent possession within the statutory language above, the judgment below is due to be reversed and the cause remanded.

Reversed and remanded.

---

1. It would appear that the crimes created by this Act 189 have been repealed by the criminal provisions set forth in the Alabama Drug Abuse Control Act 252, approved August 24, 1967.