277 So.2d 385

**Robert WATKINS**

**v.**

**STATE.**

**8 Div. 320.**

Court of Criminal Appeals of Alabama.

March 13, 1973.

Rehearing Denied April 3, 1973.

William J. Baxley, Atty. Gen., and George M. Van Tassel, Jr., Asst. Atty. Gen., for the State.

Patton, Latham & Legge, Athens, for appellant.

HARALSON, Supernumerary Circuit Judge.

This is an appeal from a conviction for possession of a depressant or stimulant drug with a sentence of three years imprisonment.

Briefly stated, the State's evidence tends to show that on December 26, 1970, the appellant was a prisoner in the Limestone County Jail and confined to a cell in one of the cellblocks which was somewhat removed from the cell in which Robert St. John was also confined as a prisoner. A public address system had been installed in which persons within the jail cells could talk with those confined in other cells and

could be heard in the jailer's office, from which the jailer could also talk to the prisoners in their cells. Deputy Sheriff Bates testified that on the day above mentioned he went to appellant's cell, and the appellant requested that Bates take a package of Viceroy cigarettes, which appellant had in his possession, to Robert St. John. Bates agreed, but took the package to the Sheriff where a different package of cigarettes (Winstons) was substituted for delivery to St. John. Beforehand, Sheriff Evans testified that he overheard a conversation between the appellant and St. John having to do with certain pills which appellant was to send to St. John and that he sent Bates to appellant's cell to see if there was anything he could do for him. It was then that Bates was asked to deliver the cigarettes. After the cigarettes were delivered, Evans testified that he heard another conversation between St. John and appellant in which St. John substantially said: "We've been framed . . . didn't you say it was Viceroy cigarettes," and Evans further testified that appellant in speaking to St. John said the pills are in the bottom of the pack. Evans further testified that appellant said he had brought the pills into the jail in the toes of his shoes. Both the Deputy and Sheriff testified to being familiar with the voices of the two prisoners as they sounded over the loudspeakers.

In the bottom of the package of cigarettes taken from appellant by Bates, certain pills were found, which were kept in the possession of the Sheriff until delivery by him personally to Dr. Van Pruitt, a State toxicologist. Dr. Pruitt testified that upon examination the pills were found to contain amphetamine, commonly known as "speed," and the trade name of the pills was "Desbutal." Dr. Pruitt further testified that a stimulant is a drug that accelerates the activities or speeds up, or picks up, the functions of the central nervous system which affects the brain.

The appellant did not testify nor offer any witness in his defense.

Demurrer to the indictment was filed on August 16, 1971. No ruling thereon appears in the record. Where this is the case, the demurrer is held to be waived by appellant. Elliott v. State, 39 Ala.App. 314, 98 So.2d 618.

Further it appears the demurrer was filed after arraignment, and the entry of a plea of not guilty by appellant, on August 31, 1971. It was not encumbent on the court to consider the demurrer after plea to the merits.

On August 17, 1971, immediately after verdict of guilty, appellant filed a motion in arrest of judgment. Nowhere in the record do we find any order either setting for hearing or ruling on this motion. In this state of the record, there is nothing before this court, with regard to this motion, to review. Review on appeal is limited to matters on which rulings are invoked at nisi prius. Felton v. State, 47 Ala.App. 182, 252 So.2d 108, and cases cited. See also Rule 22, Rules of Circuit and Inferior Courts, Appendix, Title 7, Code 1940.

Title 22, Section 255(8) and Section 255(11)(c) both declare it unlawful to possess any depressant or stimulant drug. A violation of Section 255(8), supra, is a felony, while a violation of Section 255(11)(c) is made a misdemeanor by the statute. Certain exceptions which would make such possession lawful appear in Section 255(11)(c), but not in Section 255(8). The indictment in the case at bar (omitting the formal parts) charged possession of "a depressant or stimulant drug, to-wit: Desbutal, or a salt or optical insomer of amphetamine," etc.

The court held the prosecution to be under Section 255(8), supra, and so charged the jury.

Appellant contends that the burden was on the State to present proof to negate the exceptions set out in Section 255(11)(c) in order to make out a prima facie case. This matter was raised by ex-

ceptions to the oral charge and motion by appellant to exclude the evidence, both of which were overruled by the court and exceptions reserved by appellant.

Appellant cites and relies on Sizemore v. State, 45 Ala.App. 126, 226 So.2d 669, and Dorgan v. State, 29 Ala.App. 362, 196 So. 160, in support of his contention. *Sizemore*, supra, is not apt as an authority in the case at bar since in that case the indictment set out certain matters negating exceptions written in the statute. We distinguish the indictment in the case at bar, which contains no exceptions, from that in *Sizemore*, supra. *Sizemore*, supra, quotes from Harris v. State, 248 Ala. 389, 27 So. 2d 797, as follows: "The general rule is that an indictment which follows the language of the statute, denouncing a crime or misdemeanor, specifying the elements thereof and containing no exception in the clause defining the offense, need not negative matters which may be set up as a defense under other statutes or under provisions in the same statute." The statute, Section 255(8)(c), under which the indictment was drawn, sets out no exceptions as are set out in other provisions of this statute.

Dorgan v. State, supra, contains nothing not in harmony with the above quote from Harris v. State, supra, on this question.

In the case of Schenher v. State, 38 Ala.App. 573, 90 So.2d 234, the prosecution was for a violation of Title 22, Section 254, exceptions to the application of which are set out in Sections 270, and 243(1)(c), (3)(a). The court held that, "The burden of bringing himself within any exception or exception of the act creating the offense was upon the defendant." Shiflett v. State, 37 Ala.App. 300, 67 So.2d 284.

We think this rule applicable in the case at bar. There was no error in overruling the motion to exclude nor the exceptions to the oral charge.

■ It may be well to further note that under authority of the late case of Isbell v.

State, 48 Ala.App. 152, 262 So.2d 639, any conflicts, or discrepancies in penalties of definitions or other differences between Section 255 in its entirety (which section is known as the Alabama Drug Abuse Control Act) and Section 258 must be resolved in favor of Section 255. This last named Section was passed by the Legislature in 1967 and by express provision repealed all laws or parts of laws conflicting with that act. Section 258 was passed in 1961.

■ We are of the opinion that the evidence offered by the State under the issues made out a prima facie case against the appellant and was ample upon which to rest a verdict of guilty.

■ Appellant further contends that the court erred in refusing to give to the jury certain charges requested by him in writing. None of the written charges requested by the appellant, which appear in the record, bear the signature of the trial court nor the endorsement "given" or "refused" by the court as required by Title 7, Section 273, Code of Alabama 1940. One group of these charges appears under a general heading, "Given Charges," while another group appears under a heading "Refused Charges." Even though included by the clerk in the record, this court may not consider them on appeal.

■ The endorsement "given" or "refused" on the charges is essential in order that they may be reviewed on appeal. Edwards v. State, 39 Ala.App. 144, 96 So. 2d 202; Askew v. State, 36 Ala.App. 710, 63 So.2d 294. See numerous cases cited in Alabama Digest, Volume 7, Criminal Law, ☞1086(14).

The appellant argues that the court was in error in overruling his motion to exclude the answer to a question, which answer was made by the witness after the court had sustained objection of the appellant. The grounds for the motion by appellant was that the answer was not responsive to any question asked. Without setting this matter out in detail, we think

the answer was responsive to the question asked immediately before the objection and ruling of the court. We further feel there was no substantial injury to the rights of appellant by reason of this incident. Supreme Court Rule 45, Appendix, Title 7, Code of Alabama 1940.

We have searched the record carefully in this case for error and have responded in the main to the argument of appellant in briefs. Finding no error to reverse, the case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.