281 So.2d 662

### In re Billy Joe HALL

v.

### STATE of Alabama.

### Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.

### SC 286.

Supreme Court of Alabama.

June 7, 1973.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

No brief for the respondent.

HARWOOD, Justice.

We are not in accord with the conclusions of the Court of Criminal Appeals that because the indictment in this case failed to negative that the drugs possessed by the defendant were (1) obtained upon a valid prescription and held in the original container, or (2) were not delivered by a practitioner in the course of his practice and were held in the original container, stated no offense and was therefore void.

The indictment upon which the defendant below was convicted charged in parts pertinent to this review that the defendant:

"* * * did * * * unlawfully possess 23 tablets of amphetamine content and 296 capsules of amphetamine in combination with a barbiturate all of which was [sic] depressant or stimulating drugs, contrary to and in violation of the provisions of Act No. 252 of 1967 Regular Session of the Alabama Legislature, otherwise known as the Alabama Drug Abuse Control Act, and that such act took place subsequent to August 24, 1967, * * *"

The statutory provision with which this appellant was charged with violating is to be found in Act 252, Acts of Alabama 1967, p. 633, which Act was approved 24 August 1967, repealed by Act No. 1407,

Sec. 508, Acts of Alabama 1971. Sec. 5(b), (c) of said Act when it was in existence read:

"(c) No person, other than a person described in subsection (a) or subsection (b)(2) shall possess any depressant or stimulant drug unless (1) such drug was obtained upon a valid prescription, and is held in the original container in which such drug was delivered; or (2) such drug was delivered by a practitioner in the course of his professional practice and the drug is held in the immediate container in which such drug was delivered."

The question therefore arises as to whether the provisos and exceptions in the above provision are in distinct clauses, or are so intertwined with the general offense of possessing certain drugs as to be a constituent part of the general offense.

There can be no doubt that exceptions contained in the first part of the provision reading: "No person other than a person described in subsection (a) or subsection (b)(2) shall possess any depressant drug * * *" relate not only to separate clauses but to separate subsections of Act 252. Clearly, under these circumstances, these exceptions need not be negatived in the indictment.

As to provisions (1) and (2), no need arises to negative them if they be considered as separate clauses. They are separated from the clause creating the offense (possessing a depressant or stimulant drug) by the word "unless."

In support of its conclusions that the indictment is void because of its failure to set forth that the defendant was not within the exceptions or provisos contained in Section 5(b), (c) of Act 252, the Court of Criminal Appeals cites Dorgan v. State, 29 Ala.App. 362, 196 So. 160; Sizemore v. State, 45 Ala.App. 126, 226 So.2d 669; and Clark v. State, 19 Ala. 552. In particular, we gather from the opinion, reliance was placed upon Clark v. State, supra, for the

conclusion reached by the Court of Criminal Appeals, as evidenced by the following statement from *Clark,* supra, set forth in the opinion of the Court of Criminal Appeals:

"It is contended that the indictment is defective because it does not negative the proviso contained in the statute creating the offense. The rule on this subject is, that if there be any exception contained in the same clause of the act which creates the offense, the indictment must show negatively that the defendant does not come within the exception.— Arch. 52. *But where the act contains provisoes and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exception, or to negative the proviso it contains.*—1 Chitty's Cr.L. 283." (Emphasis ours.)

The cases dealing with the necessity of negativing exceptions or provisos in an information or indictment charging violation of a statutorily created offense are legion, and an excellent discussion of the varied results reached may be found in an annotation in 153 A.L.R., p. 1219 et seq.

The Court of Criminal Appeals, it appears to us, has laid too much emphasis on the grammatical construction of the Act rather than upon the essential elements of the offense denounced. The location of the exceptions or provisos should not be determinative of the question, though it appears that if a clear exception, as distinguished from a proviso, is embodied in an enacting clause of an Act, and constitutes a part of the description of the offense, then such exception must be negatived in the indictment. While this broad general rule is workable in many cases, there are situations where its application presents great difficulties. As stated in People v. Devinny, 227 N.Y. 397, 125 N.E. 543:

"Attempts to apply this general rule and distinguish between exceptions and provisos have resulted in many technicalities and in much subtlety. The two

**400**

classes of provisions—exceptions and provisions—frequently come closely together, and the rule of differentiation ought to be applied as to comply with the requirements of common sense and reasonable pleading."

The most practical and workable rule, it appears to us, is to be found in Joyce on Indictments, Sec. 279:

"* * * The general rule as to exceptions, provisos, and the like, is that where the exception or proviso forms a portion of the description of the offense, so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted, then it is necessary to negative the exception or proviso. But where the exception is separable from the description, and is not an ingredient thereof, it need not be noticed in the accusation; for it is a matter of defense."

This rule also seems to be the view of our cases. As before mentioned, Clark v. State, supra, sets forth that where the Act contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exception, or to negative the proviso it contains.

In Britton v. State, 77 Ala. 202, this court held that where the offense is a general one, and there is no exception incorporated in the Act which constitutes a part of the description or definition of the offense, then it matters not whether these excusatory matters exempting one from the provisions of the Act be given, or not given, in the same clause or section of the Act prohibiting the general Act, i.e., in the enacting clause.

Both proviso (1) and proviso (2) of Sec. 5(b), (c), set out above, are separate clauses containing a subject and a predicate. These clauses are separate and distinct from that part of Sec. 5(b), (c) creating, describing, and defining the general offense, i.e., the possession of depressant or stimulant drugs.

This being so, the exceptions or provisos constitute defensive matter not to be anticipated and charged in an indictment.

We hold that the indictment in this case was legally sufficient. The opinion and judgment of the Court of Criminal Appeals holding otherwise is due to be reversed, and it is so ordered.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, BLOODWORTH, MADDOX, McCALL, FAULKNER and JONES, JJ., concur.