288 So.2d 186

**Emma Lou JOHNSON**

v.

**STATE.**

**6 Div. 480.**

Court of Criminal Appeals of Alabama.

Jan. 2, 1974.

———◆———

Arthur Parker and J. Louis Wilkinson, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Jefferson County, Alabama, charged the appellant, Emma Lou Johnson, with the unlawful sale, delivery, or other disposition of depressant or stimulant drugs in violation of Section 5(b) of Act No. 252, Acts of Alabama 1967, Regular Session.[1] The Jury's verdict found the appellant guilty as charged, and judgment fixed punishment at three years imprisonment in the penitentiary.

Police Officer John Fisher, Jr., testified that he went to the appellant's house in Birmingham on February 21, 1970. There, he asked appellant to give him "four secos." The appellant asked Fisher to come inside, and having done so, Fisher was given four oblong shaped, flesh colored tablets. He paid appellant four dollars, then left. The tablets were turned over to the State Toxicology Department on February 24, 1970. Analysis revealed that the tablets contained 17.5 milligrams of dextro-amphetamine and 35 milligrams of secobarbital each. The toxicologist's report was returned to the Police Department on April 4, 1970, and the appellant was arrested in May of 1970 for violation of the former "Alabma Drug Abuse Control Act."

1. This section has now been superseded by the Alabama Uniform Controlled Substances Act, Act No. 1407, 1971 Regular Session, approved September 16, 1971, and is now codified as Title 22, Section 258(25)–258(60), Code of Alabama, Recompiled 1958.

## I

The appellant contends that the enacting clause of Section 5(b)(2), which defines the elements of the criminal act, also sets forth the exceptions to prosecution in that same Section 5(b)(2); that whenever the exceptions to a criminal offense are set forth in the enacting clause, the burden is on the prosecution to negative in the indictment the exceptions; that this indictment did not negative the exceptions in Section 5(b). The trial court overruled appellant's demurrer, raising this point.

The indictment in the cause (omitting formal parts) is as follows:

"The grand jury of said county charge that, before the finding of this indictment, EMMA LOU JOHNSON, whose name is otherwise unknown to the Grand Jury, on to-wit February 21, 1970, while at or near to-wit: 2418 23rd Street North, Birmingham, Alabama, unlawfully sell, deliver or otherwise dispose of 70 milligrams of amphetamine and 140 milligrams of secobarbital docium, a depressant or stimulant drug, to John Fisher, Jr., contrary to the provisions of Act Number 252 of 1967 Regular Session of the Alabama Legislature, otherwise known as the Alabama Drug Abuse Control Act, and that such sale, delivery or disposal took place subsequent to August 24, 1967, against the peace and dignity of the State of Alabama."

Sections 5(b), (c)(1) and (2) of this same act were before the Supreme Court of Alabama in Hall v. State, 291 Ala. 397, 281 So.2d 662. The Court, per Harwood, J., observed:

"The most practical and workable rule, it appears to us, is to be found in Joyce on Indictments, Sec. 279:

"'* * * The general rule as to exceptions, provisos, and the like, is that where the exception or proviso forms a portion of the description of the offense, so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted, then it is necessary to negative the exception or proviso. But where the exception is separate from the description, and is not an ingredient thereof, it need not be noticed in the accusation; for it is a matter of defense.'"

Further from *Hall*:

"Both proviso (1) and proviso (2) of Sec. 5(b), (c), set out above, are separate clauses containing a subject and a predicate. These clauses are separate and distinct from that part of Sec. 5(b), (c) creating, describing, and defining the general offense, i. e., the possession of depressant or stimulant drugs.

"This being so, the exceptions or provisos constitute defensive matter not to be anticipated and charged in an indictment."

We see no reason that a different construction from the above should be given to the indictment here, simply because the offense charged falls under Section 5(b)(1) and (2) rather than 5(b), (c)(1) and (2), i. e., the indictment here charged the unlawful sale, delivery, or other disposition, where in *Hall* the charge was for possession. It therefore follows that the trial court correctly overruled appellant's demurrer in this cause. Hall v. State, supra; see also Watkins v. State, 50 Ala. App. 111, 277 So.2d 385, cert. den. 291 Ala. 801, 277 So.2d 389.

We have carefully examined this record, pursuant to Title 15, Section 389, Code of Alabama 1940, and find no error therein. The judgment of the trial court is therefore due to be and the same is hereby

Affirmed.

All the Judges concur.