Under an indictment charging murder in the first degree appellant was convicted of murder in the second degree and the jury fixed his punishment at twenty-five years in the penitentiary. In the presence of his attorney at arraignment appellant waived reading of the indictment and pleaded not guilty. After sentence was imposed he gave notice of appeal. He was found to be indigent and was furnished a free transcript. Trial counsel represents him on this appeal.
At approximately 10 o'clock on the night of May 31, 1979, the deceased was sitting in a chair in the yard of her home on Hale Street in the City and County of Montgomery County, Alabama. Appellant was on the porch of his uncle's house next door and according to the testimony of a state's witness he was drinking and smoking a "reefer". Two sisters of the deceased drove up and parked the car in front of the house where the deceased lived. A heated argument ensued between the appellant and the sisters of the deceased about the manner in which the sisters parked their car. Appellant told them to move the car as it was blocking the entrance way to his uncle's house. There was a profane exchange of words between appellant and the sisters of the deceased and another uncle of appellant intervened and told appellant to leave and go to his grandmother's house. Appellant walked to the car occupied by the sisters and apologized to the two sisters. He then got in his car and drove away.
At approximately 11 o'clock p.m. appellant returned to his uncle's house. Appellant and the deceased once again exchanged words. Appellant came into the deceased's yard where she was sitting in a chair. The deceased then got up from her chair and went into her house and returned to her chair. While the deceased went to her house appellant went to his car and then returned. A neighbor who witnessed the whole incident testified that she did not see appellant with a weapon when he returned from his car, but appellant admitted he got a tire tool from his car. Appellant and the deceased continued to argue until the deceased jumped from her chair and the two engaged in a struggle. Appellant yelled that he had been stabbed. He then threw the deceased to the ground and struck her with his fist and stomped her with his boots. No weapon was ever seen by any of the witnesses other than appellant during this struggle.
Appellant stated that he took the knife from the deceased but did not remember stabbing the deceased. The deceased was stabbed in the stomach and twice in the back. One of the stab wounds in the back penetrated the heart, resulting in the death of the deceased. Appellant threw the knife away after killing the deceased.
Neighbors had summoned appellant's uncle, Willie James Gantt, to help restrain appellant. The uncle grabbed appellant. At that time appellant spun around, cutting the uncle. The uncle went back into his house.
While appellant was being treated in the emergency room at Jackson Hospital for a stab wound in his neck which he received in the fight with the deceased, two Montgomery police officers entered the room and interviewed him. They read him the Miranda
rights and warnings and asked him if he understood his rights and he replied, "Okay". He was not threatened or coerced in any manner, nor were any promises, rewards or other inducements made to him to get him to make a statement. He freely and voluntarily gave the officers a statement which was tape recorded.
On a voir dire hearing, out of the presence of the jury, on a motion to suppress the statement, proper predicate was laid and the tape recording was played to the *Page 197 
court. The court ruled that the statement was knowingly and voluntarily made and was admissible into evidence. A transcription of the tape was then read to the jury.
Appellant testified in his behalf and his testimony was in all essential respects identical to the tape recording. His testimony shows that he voluntarily returned to the home of the deceased and began an argument with the deceased which led to the affray in which the deceased was stabbed to death.
It is settled law that an extra-judicial confession, oral or written, is prima facie involuntary and inadmissible and the duty rests in the first instance on the trial court to determine whether the confession is voluntary, and, unless it so appears, it should not be admitted. Rainer v. State, Ala.Cr.App., 342 So.2d 1348; Hardin v. State, Ala.Cr.App.,344 So.2d 234.
A finding of the trial court as to the voluntariness of a confession, following a hearing held outside the presence of the jury, will not be disturbed on appeal unless contrary to the great weight of the evidence and manifestly wrong.Patterson v. State, 56 Ala. App. 359, 321 So.2d 698; Balentinev. State, Ala.Cr.App., 339 So.2d 1063.
The testimony concerning the confession of appellant shows the trial court was correct in its determination that the confession was voluntarily made with full knowledge of appellant's rights and was properly admitted into evidence.
Several written charges were submitted to the trial court and are included in the record on appeal. The charges, however, do not bear the endorsement of the trial judge as having been refused by him. Such an endorsement is required by Code of Alabama 1975, Section 12-16-13, and in the absence of such endorsement by the trial court the question of error in refusing such charges is not properly before this court.Watkins v. State, 50 Ala. App. 111, 277 So.2d 385; Stoudemire v.State, Ala.Cr.App., 365 So.2d 376.
The evidence was more than ample to support the verdict of the jury in finding appellant guilty of murder in the second degree, and that he was not free from fault in provoking the difficulty which led to the fatal stabbing of the deceased. There was no error in denying appellant's motion for a directed verdict on the ground the state failed to make out a prima facie case. In testing the sufficiency of the evidence to sustain a conviction the Court of Criminal Appeals is required to consider the evidence in the most favorable light for the prosecution. Colston v. State, 57 Ala. App. 4, 325 So.2d 520.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.