LEIGH M. CLARK, Retired Circuit Judge.
The indictment upon which a jury found appellant (defendant) guilty charged that he “did unlawfully possess or unlawfully have in his possession a pistol, after being convicted of a crime of violence, to-wit: Manslaughter... . ” The court fixed his punishment at imprisonment for thirteen months and sentenced him accordingly.
A statement of details of the evidence is not necessary to an understanding of the issues presented on appeal and of our determination thereof. The following suffices. Only two witnesses testified, one called by the State and the other called by the defendant. The witness called by the State, a sergeant' of the Piedmont Police Department, testified that while he was attempting to quell a disturbance, there was a “scuffle” between him and defendant and that at such time the defendant had a pistol in each of his front pockets. The Sheriff of Madison County testified, on call of the defendant, that he had previously issued the defendant a “pistol permit” which had not expired at the time of the incident just mentioned. The sheriff said that he understood that he could not “issue a pistol permit to anyone that had been convicted of a felony,” but that he did not understand that he could not “issue a pistol permit to one who had been convicted of a misdemeanor.”
Code of Ala.1975, § 13-6-152(a) provides:
“No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control.

§ 13-6-150 provides:
“For purposes of this division, the following terms shall have the respective meanings ascribed by this section:
“(1) ....
“(2) CRIME OF VIOLENCE. Any of the following crimes or an attempt to commit any of them, namely, murder, manslaughter, (except manslaughter arising out of the operation of a vehicle), rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping and larceny.
“(3) ....”
Appellant makes no claim to the contrary, but perhaps we should here repeat what was said in Crawford v. State, Ala.Cr.App., 356 So.2d 690, 691 (1978):
“Under these authorities, it is clear to this court that any person who has been convicted of committing or attempting to commit a crime of violence is not a suitable person to be licensed to own a pistol or have one under his possession or control. The sheriff therefore had no authority to issue a pistol permit to the appellant and the license is void.”
There was introduced in evidence by the State a duly certified copy of a judgment entered on February 16, 1972, in a case based on a charge of murder in the Circuit Court of Calhoun County, Alabama, entitled “State of Alabama v. J. B. Monohan [sic],” which shows a plea of guilty to manslaughter in the second degree. The judgment of the court recites that defendant was guilty of manslaughter in the second degree and was assessed a fine of $250.00. Upon introduction of the copy in evidence, defendant’s counsel stated, “No objection,” and the court stated, “No objection, it is entered.”
In contending that the court should have granted defendant’s motion to exclude the evidence at the conclusion of the State’s case and that the court was in error in overruling defendant’s motion for a new trial, appellant questions the position taken by the State, and determined by the trial court, that manslaughter in the second degree is a crime of violence as contemplated by § 13-6-150 and § 13-6-152. Appellant emphasizes the distinction between manslaughter in the first degree and manslaughter in the second degree, pointing out correctly that the one is a felony and the other a misdemeanor and that the one involves a more reprehensible state of mind than the other, and concludes that “second *289 degree manslaughter is not ‘per se’ a crime of violence and that the circumstances involved in the manslaughter are of paramount importance in determining whether or not manslaughter in the second degree would be considered a crime of violence.” Only to the extent that in order for manslaughter in either degree to constitute a crime of violence it must be manslaughter that does not arise “out of the operation of a vehicle” do we agree with appellant. The statutory law on the subject is clear; it is not subject to the interpretation that is thus attempted to be given it by appellant.
For the same reason, we conclude that another position of appellant is not well taken, which is to the effect that “purely accidental acts are excluded from the coverage of § 13-6--150 and § 13-6-152.”
The only other issue presented by appellant is more troublesome. It is that the conviction of manslaughter in the second degree as shown by the copy of the judgment introduced in evidence is not sufficient upon which to support the verdict and judgment in the case now under review, for the reason that such copy of the previous judgment does not reveal whether the manslaughter arose “out of the operation of a vehicle,” which constitutes an express exception to the express inclusion of manslaughter as a crime of violence. The order of the court on the motion for a new trial recites:
“This matter coming on to be heard on motion of defendant for a new trial and defendant argues two grounds for a new trial:
“1. That manslaughter in 2nd degree is not a crime of violence.
“2. That the indictment will not support a conviction.
“The Court is of the opinion all manslaughter, 1st or 2nd degree, is a crime of violence, except manslaughter involving a motor vehicle. Further, that once the State has proven the defendant has previously been convicted of manslaughter the burden shifted to the defendant to show the exception to the law that manslaughter is a crime of violence. See Title 13-6-150.
“The Court is of opinion the second point argued on this motion is not well taken. In this action the defendant did not attack the indictment but instead entered a not guilty plea and went to trial and was convicted. The Court is of opinion that the indictment is sufficient to support a verdict even though it might be demurra-ble and the proper way to attack a defective indictment would be a motion for a judgment non obstante veredicto.
“It is therefore ORDERED AND ADJUDGED that defendant’s motion for a new trial be and it hereby is overruled.”
Reserving the expression of an opinion as to whether the reasons stated by the trial court for its ruling on the motion for a new trial are in every respect correct, we are of the opinion that the failure of defendant to demur to, or otherwise challenge the sufficiency of, the indictment, and his express declination to object to the admission in evidence of an exhibit showing that defendant had been convicted of manslaughter in the second degree, but which did not show that such manslaughter did not arise “out of the operation of a vehicle,” served to establish a failure to preserve for review the ruling by the trial court on the motion to exclude the evidence and on the motion for a new trial. However, we do not approve the language of the indictment, and we do not endorse the failure of the State to introduce in evidence a certified copy of the judgment of conviction that would have made it clear whether the particular manslaughter arose “out of the operation of a vehicle,” which presumably the record in that particular case, including the indictment itself, would have clearly disclosed. If it was manslaughter that arose “out of the operation of a vehicle,” which the State should have known, it was not a crime of violence and defendant should not have been convicted.
We do not understand why the State did not make its position clear in the language of the indictment or by the evidence, before any problem was presented, although we do understand its making no effort to do sp *290 now, for the reason that it would not be appropriate for it to state any facts, though favorable to it, not shown by the record proper or the transcript of the proceedings. We are unwilling to assume that the State knowingly prosecuted the defendant for a purported crime, which the statute states unequivocally is not a crime.
We are not without some understanding of the failure of defendant to challenge the indictment and object to the admission in evidence of the certified copy of the judgment, if, indeed, the conviction of manslaughter did not arise out of the operation of a vehicle, which he should have well known. By such failure, he has been able to postpone thus far an execution of the sentence imposed upon him, and, incidentally, he has presented a problem that has not been easy to solve.
Our comments just made are to be considered in the only light we now have on the subject. We would be surprised to learn in the future that appellant’s previous conviction of manslaughter in the second degree was for manslaughter that arose out of the operation of a vehicle, which, if it had been shown by the record or transcript in the instant case, would have vitiated the conviction herein, but, of course, we cannot say with certainty what may come before us by the interested parties on the subject in the future. Whatever it is, we will endeavor to consider it as it then appears.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.