ALMON, Justice.
The defendant was convicted of the crime of unlawful possession of a pistol, after having been convicted of a crime of violence, to-wit, manslaughter. Judgment was entered accordingly. He appealed to the Court of Criminal Appeals, 412 So.2d 287, which affirmed the judgment of the trial court. This Court granted certiorari to review the decision of the Court of Criminal Appeals.
The defendant contends that manslaughter in the second degree is not a “crime of violence” as that term is used in Code 1975, § 13-6-150, and will not, therefore, support a conviction under § 13-6-152.
Code 1975, § 13-6-150 defines “crimes of violence” as:
Any of the following crimes or an attempt to commit any of them, namely, murder, manslaughter, (except manslaughter arising out of the operation of a vehicle), rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping and larceny.
The Code makes no reference to degrees of offenses and hence any of the crimes listed are considered “crimes of violence” regardless of the degree. In the instant case, the prior conviction for manslaughter in the second degree is a misdemeanor, while a conviction of manslaughter in the first degree is a felony. The defendant argues that because the felony conviction requires a more reprehensible state of mind and because second degree manslaughter is not “per se” a crime of violence, the State cannot simply rely on the prior conviction but must prove the circumstances of the prior conviction. In this regard the Code is clear. Nowhere is it mentioned that the degree of the offense is determinative or that the State must show the circumstances of the prior conviction. We conclude, therefore, that manslaughter in the second degree is a crime of violence within the meaning of the statute.
The defendant further argues that the State failed to prove its case against him because of its failure to negate or prove the non-existence of the exception found in § 13-6-150 to the effect that manslaughter arising out of the operation of a vehicle is not a crime of violence.
It should be noted at the outset that the exception in question does not appear in the same section of the Code which denounces the offense charged.
In Sizemore v. State, 45 Ala.App. 126, 226 So.2d 669 (1969), the Court of Appeals stated the general rule as follows:
... an indictment which follows the language of the statute, denouncing a crime or misdemeanor, specifying the elements thereof and containing no exception in the clause defining the offense, need not negative matters which may be set up as a defense under other statutes or under provisos in the same statute. [Emphasis added.]
This Court, in Hall v. State, 291 Ala. 397, 281 So.2d 662 (1973), perhaps clarified the general rule by stating:
... The general rule as to exceptions, provisos, and the like, is that where the exception or proviso forms a portion of the description of the offense, so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted, then it is necessary to negative the exception or proviso. But where the exception is separable from the description, and is not an ingredient thereof, it need not be noticed in the accusation; for it is a matter of defense.
*292 Applying these general rules of construction to this ease, we are of the opinion that the exception, which appears in a separate section of the Code, constitutes defensive matter and is not a burden upon the State. While the rule in Hall, supra, is somewhat of a departure from the earlier cases, we nevertheless believe the result reached in that case to be strongly supportive of our decision here.
Because we reach the same result as the Court of Criminal Appeals, the judgment of that court is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.