568 So.2d 857 (1990)
Ex parte STATE of Alabama.
(Re James Mack WATLEY
v.
STATE of Alabama).
89-694.
Supreme Court of Alabama.
September 28, 1990.
Don Siegelman, Atty. Gen., and Joseph G.L. Marston III, Asst. Atty. Gen., for petitioner.
Francis M. James of James & James, Andalusia, for respondent.
Prior report: Ala.Cr.App., 568 So.2d 852.
PER CURIAM.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.
MADDOX, STEAGALL and KENNEDY, JJ., dissent.
MADDOX, Justice (dissenting).
This Court granted the petition of the State of Alabama to review a determination made by the Court of Criminal Appeals that an indictment charging the defendant with unlawfully possessing marihuana in violation of Ala.Code 1975, § 13A-12-213, did not state an offense and, additionally, was void for vagueness. The indictment, in pertinent part, alleged that petitioner "did on to-wit, May 1, 1988, while at or near Covington County, Alabama, unlawfully *858 possess marijuana, a controlled substance, contrary to and in violation of Title 13A-12-213 of the Code of Alabama, 1975."
It is my opinion that the Court of Criminal Appeals, in holding that the indictment failed to state an offense and was also "void for vagueness," has misapplied the law of pleading a criminal offense under the provisions of Temporary Rule 15.2, Alabama Rules of Criminal Procedure,[1] which deals with the nature and content of indictments and informations. Because of this holding, I think that the judgment of the Court of Criminal Appeals, on the question of the sufficiency of the indictment to state an offense, should be reversed.[2]
In deciding that the indictment failed to state an offense and was void for vagueness, the Court of Criminal Appeals reasoned that "[t]he phrases `for other than personal use' and `for ... personal use only' modify, define, and classify the type of marihuana possession proscribed in §§ 13A-12-213 and -214," and that they are "`inseparable ingredients of the offense.' " The Court concluded that "[b]ecause the phrases are definitional components of the offenses set out in §§ 13A-12-213 and -214, no indictment pursuant to those sections can omit them and still charge an offense."
I believe that the Court of Criminal Appeals erred in failing to give any force to the fact that the specification in the indictment charging the statute violated shows that petitioner was charged only with violating § 13A-12-213 and not with violating § 13A-1-214.[3] In reaching its conclusion, therefore, the Court of Criminal Appeals failed to follow the spirit of Temporary Rule 15.2, which was designed, as the Committee Comment to the Rule states, "to simplify the pleading in criminal matters, much the same as the simplification of pleading in civil actions." Rather than simplifying pleadings in criminal proceedings, the decision, unfortunately, complicates them, and, in my opinion, destroys the concept this Court was attempting to promote by adopting Temporary Rule 15.2, that is, simplification of pleading in criminal cases. Because I think that we take a step backward by refusing to reverse that holding in the opinion of the Court of Criminal Appeals that declares the indictment to be void, I must dissent.
In registering my dissent, I will give the reasons why I believe that the indictment was sufficient, under the provisions of Temporary Rule 15.2, to charge felony possession of marijuana, and that the defendant, if he desired more details of the charged felony offense, could have required the State make a more definite statement of the charge, as provided for by Temporary Rule 15.2(e), which the Committee Comment states "provides a necessary safeguard for the defendant, in that for good cause shown the defendant can compel the state to submit additional details of the offense not required to be set out in the indictment."

FACTS
The Court of Criminal Appeals did not set out a statement of the basic facts forming the basis of the prosecution, and because only a question of law was presented, it was unnecessary for that Court to do so. On its application for rehearing in the Court of Criminal Appeals, the State did not request, pursuant to Rule 39(k), A.R. App.P., that the Court of Criminal Appeals set out the facts that were presented in evidence; therefore, we do not have the basic facts before us on this petition, but, because the question presented is one of law, it is unnecessary to state the facts upon which the conviction was based.

*859 Sufficiency of The Indictment
I now address the central issue presented: the sufficiency of the indictment to charge a violation of the provisions of Ala. Code 1975, § 13A-12-213, the only section petitioner was charged with violating. That Code section reads:
"§ 13A-12-213. Unlawful possession of marihuana in the first degree.
"(a) A person commits the crime of unlawful possession of marihuana in the first degree if, except as otherwise authorized:
"(1) He possesses marihuana for other than personal use; or
"(2) He possesses marihuana for his personal use only after having been previously convicted of unlawful possession of marihuana in the second degree or unlawful possession of marihuana for his personal use only.
"(b) Unlawful possession of marihuana in the first degree is a Class C felony."
(Emphasis added.) The Court of Criminal Appeals unfortunately feels that § 13A-12-214 must also be consulted in determining whether the indictment charges a violation of § 13A-12-213, as averred. Section 13A-12-214 sets forth the offense of unlawful possession of marihuana in the second degree, as follows:
"§ 13A-12-214. Unlawful possession of marihuana in the second degree.
"(a) A person commits the crime of unlawful possession of marihuana in the second degree if, except as otherwise authorized, he possesses marihuana for his personal use only.

"(b) Unlawful possession of marihuana in the second degree is a Class A misdemeanor."
(Emphasis added.)
Even though the precise holding of the Court of Criminal Appeals is that the phrases "for other than personal use" and "for his personal use only" are "`inseparable ingredients of the offense'" of unlawful possession of marihuana in either the first or second degree, and that no indictment returned to charge an offense under either section is sufficient if the phrases are omitted from the indictment, that Court also held that "[a]dditionally, we note that an indictment merely charging the `possession of marihuana' under the 1987 Drug Crimes Amendments Act is void for vagueness because, not only does it fail to charge an offense, but a defendant cannot determine whether he is being charged under § 13A-12-213(a)(1), § 13A-12-213(a)(2), or § 13A-12-214(a)." I am of the opinion, of course, that when the indictment specified that he was charged with violating § 13A-12-213, not § 13A-12-214, clearly he knew he was being charged with felony possession of marihuana. If he wanted further details regarding which of the subsections the State was going to proceed under, then he could have required the State to furnish that information by asking for a more definite statement of the charge, as authorized by Temporary Rule 15.2(e), the same procedure used in civil practice, which, according to the Committee Comment to Temporary Rule 15.2, was intended.
The effect of this holding by the Court of Criminal Appeals is, of course, that the legislature, by adopting the Drug Crimes Amendments Act of 1987, intended to make it more difficult for the State to allege and prove offenses involving the unlawful possession of marihuana than was the case under prior law, because the court specifically said as much:
"Under prior law, the indictment would have charged the offense of felony possession of marihuana. Ala.Code 1975, § 20-2-70(a) (repealed by Act No. 87-603, § 12, 1987 Ala.Acts 1047). That section provided:
"`Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away, obtains or attempts to obtain by fraud, deceit, misrepresentation or subterfuge or by the forgery or alteration of a prescription or written order or by the concealment of material fact or by use of [a] false name or giving a false address controlled substances enumerated in schedules I, II, III, IV and V is guilty of a felony and, upon conviction, for the first offense may be imprisoned for *860 not less than two nor more than 15 years and, in addition, may be fined not more than $25,000.00; provided, that any person who possesses any marihuana for his personal use only is guilty of a misdemeanor, and, upon conviction for the offense, shall be imprisoned in the county jail for not more than one year, and in addition, shall be fined not more than $1,000.00; provided further, that the penalties for the subsequent offenses relating to possession of marihuana shall be the same as specified in the first sentence of this subsection.' [Emphasis added by Court of Criminal Appeals.]
"The prior statute `ma[d]e possession of marijuana (or any other controlled drug or substance) a felony.' Roberts v. State, 349 So.2d 89, 92 (Ala.Cr.App.), cert. denied, Ex parte Roberts, 349 So.2d 94 (Ala. 1977). An indictment pursuant to § 20-2-70(a) was not required to allege that the accused's possession was not for personal use because, under that section, there was a presumption that the possession was for other than personal use. State v. Calhoun, 502 So.2d 795, 799-800 (Ala.Cr.App.), aff'd in part, rev'd on other grounds and remanded, Ex parte State, 502 So.2d 808 (Ala.1986).
"Under § 20-2-70(a), the showing of possession for personal use was a defensive matter and the burden of proving this matter was upon the defendant. Lee v. State, 350 So.2d 743, 746 (Ala.Cr.App. 1977); Roberts v. State, 349 So.2d 89, 93 (Ala.Cr.App.), cert. denied, Ex parte Roberts, 349 So.2d 94 (Ala.1977).
"The foregoing rules regarding pleading and proof under § 20-2-70(a) were derived by applying well-established principles of statutory construction to the Controlled Substances Act. See, e.g., Hall v. State, 291 Ala. 397, 400, 281 So.2d 662, 665 (1973). The conduct proscribed in the enacting clause of that act and thus the definition of the offense under § 20-2-70(a), was `possession of controlled substances.' That conduct was all the State needed to allege in order to charge felony possession of marihuana in an indictment tracking the former statute. Compare Corbin v. State, 55 Ala.App. 33, 34, n. 1, 312 So.2d 604 (1975) (although the State is not required to negative a defensive matter, once it alleged in the indictment that the possession was not for personal use, the State `assumed the burden' of proving possession of marihuana not for personal use)."
Watley v. State, 568 So.2d 852, 853-854 (Ala.Cr.App.1989).
That, in my opinion, does not express correctly the legislative intent in passing the Drug Crimes Amendments Act of 1987; therefore, I cannot agree with the holding by the Court of Criminal Appeals, insofar as that holding relates to the sufficiency of the indictment. I do agree with that court's holding that the State is required to prove, in the case of a felony possession of marihuana, as here, that the defendant either possessed the marihuana for other than personal use, or for his personal use after having been previously convicted of unlawful possession of marihuana in the second degree or unlawful possession of marihuana for his personal use only.
It is apparent to me that the Court of Criminal Appeals has strictly construed the provisions of the Drug Crimes Amendments Act of 1987, insofar as the requirements of an indictment or information to charge an offense under the Act are concerned, and has, therefore, failed to construe that Act according to the provisions of Ala.Code 1975, § 13A-1-6, which provides that "[a]ll provisions of [Title 13A] shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law, including the purposes stated in section 13A-1-3." I recognize that the legislature made substantial changes in the law relating to possession of marihuana, but I do not think that the legislature ever intended to repeal our rules of criminal procedure controlling the method for laying the charge in an indictment or information.
I do not think that there is any question *861 that § 13A-12-213 gives "fair warning"[4] to a defendant of the conduct that constitutes a felony offense, but I do not believe that the indictment must set forth specifically the quo modo of the wrongful possession.
Applying these principles to this case, and construing the two sections of the Drug Crimes Amendments Act of 1987 that are involved in this case, I can conclude only that the legislature, while separating the offense of unlawful possession of marihuana into first and second degrees, did not intend to make the phrases contained in the statutes constituent elements of the offense so as to require that an indictment or information be dismissed if the phrases were not contained therein.
The indictment in this case read:
"The Grand Jury of Covington County charges that before the finding of this indictment, James Mack Watley, whose name is unknown to the Grand Jury other than as stated, did on to-wit: May 1, 1988, while at or near Covington County, Alabama, unlawfully possess marijuana, a controlled substance, contrary to and in violation of Title 13A-12-213 of the Code of Alabama, 1975, and as last amended, against the peace and dignity of the State of Alabama."

The Purpose of An Indictment
What is the purpose of an indictment? The word "indictment" is said to be derived from the Old French word "inditer," which signified to indicate, to show, or to point out.[5] Both the Constitution of the United States and the Constitution of Alabama (1901) declare that a defendant in a criminal prosecution has a right to be informed of "the nature and cause of the accusation" made against him.[6] The traditional method of informing a defendant in a criminal prosecution of the nature and cause of the accusation against him has been through indictment by a grand jury. In fact, both the Constitution of the United States and the Constitution of Alabama, by implication, grant the defendant a right to an indictment by a grand jury in most cases.[7] In addressing the important function that an indictment serves, the United States Supreme *862 Court said in United States v. Cruikshank, 92 U.S. 542, 558, 23 L.Ed. 588 (1875):
"The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defence, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had."
In Beasley v. State, 18 Ala. 535, 540 (1851), this Court, addressing the sufficiency of an indictment, stated:
"The general rule of pleading requires that the indictment should contain a complete description of the offence, not only that the party may know what he is called upon to answer, but also that the court, upon the inspection of the record, may clearly see that he has done, or omitted to do, those acts which constitute the crime with which he is charged."
Again, in Ex parte Hightower, 443 So.2d 1272, 1273 (Ala. 1983), this Court stated:
"An indictment must specify the conduct to be condemned so that the defendant may have an opportunity to prepare a defense if one is available. Constitution of Alabama of 1901, Section 6; see, e.g., Tyson v. State, 361 So.2d 1182 (Ala.Cr. App.1978); Mason v. State, 259 Ala. 438, 66 So.2d 557 (1953)."
One of the fundamental purposes that an indictment serves, which has been referred to by the United States Supreme Court and also by this Court, is to apprise a defendant of the nature and cause of the accusation made against him in order that he can prepare an adequate defense.[8]
The questions to be asked are: If one applied the law as contained in Ala.Code 1975, §§ 13A-1-6 and 13A-1-3, would he conclude that the indictment in this case gave the accused "fair warning" that he was charged with the unlawful possession of marihuana, a controlled substance; and, because the legislature has divided the offense of possession of marihuana into degrees, would he conclude that the indictment reasonably differentiated between those two degrees so that the defendant could avail himself of a plea of former jeopardy if he should be acquitted of the stated charge and the State attempted to prosecute him under the provisions of § 13A-12-214?
The answer to those questions, of course, is clearly in the affirmative.
My answer to those questions is based not only upon an interpretation of legislative intent, but also, in part, upon my construction of Temp.Ala.R.Crim.P. 15.2, "Nature and Contents of Indictment or Information," which was effective at the time this indictment was returned.[9]
Temporary Rule 15.2 provides:
"(a) In General. The indictment or information shall be a plain, concise statement of the facts in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, to pronounce the proper judgment.

*863 "(b) Charging the Offense. The indictment or information shall state for each separate offense, other than lesser included offenses, the official or customary citation of the statute, rule, regulation, or other provision of law which the defendant is alleged to have violated.
"(c) Notice of Necessarily Included Offenses. Specification of an offense in an indictment or information shall constitute a charge of that offense and of all lesser offenses necessarily included therein.
"(d) Unnecessary Allegations. An indictment or information which is in conformity with section (a) and (b) shall be sufficient. The indictment or information need not contain a formal commencement, a formal conclusion, or any other matter not necessary to the statement of facts, nor need it negative any defense or affirmative defense contained in any statute creating or defining the offense charged. Presumptions of law and matters of which judicial notice is taken need not be stated. It is not necessary to state the precise time or date at which or on which the offense is alleged to have been committed, or the place where the offense is alleged to have committed. Unnecessary allegations may be disregarded as surplusage, and on motion of the defendant shall be stricken by the court if prejudicial or unduly prolix.
"(e) Motion for More Definite Statement. A motion for more definite statement may be made at any time prior to entry of the defendant's plea, which motion shall be granted for good cause shown. A statement filed in compliance with a motion for more definite statement may be thereafter amended at any time subject to such conditions as justice requires."
Comparing the contents of the indictment with the provisions of Temporary Rule 15.2, I consider it quite apparent that Watley was charged with felony possession of marihuana. Admittedly, the indictment does not set out the quo modo of that possession, but if Watley wanted to require the State to specify whether he was being charged under subsection (a) or under (b) of § 13A-12-213, he could have asked for a more definite statement of the charge, as he is allowed to do by Temporary Rule 15.2(e).
While I have been unable to locate an Alabama case in which the exact question presented by this petition has been decided, I have found authority from other jurisdictions holding that the citation of the statute violated is sufficient to allege the material elements of the offense charged. In Russell v. State, 69 Md.App. 554, 518 A.2d 1081 (1987), the Maryland Court of Special Appeals was asked to decide whether an indictment entered against the defendant Russell was sufficient on its face: it correctly cited the statute under which Russell was charged but failed to allege an essential element of that offense. The Maryland court held that the citation of the statute allegedly violated by Russell, appearing in the body of the indictment, effectively incorporated by reference into the indictment all the elements of that statutory offense. Furthermore, the court noted in its opinion that the reference to the statute in the indictment was "not a mere citation for the purposes of convenience" but was a statement of an offense of which Russell had been accused. 69 Md.App. at 559, 518 A.2d at 1083. The citation of the statute violated is not a matter of discretion, but is required by Temporary Rule 15.2(b), which states that "[t]he indictment or information shall state for each separate offense, other than lesser included offenses, the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."
The gravamen of the offense proscribed is the unlawful possession of marihuana. The legislature has specified that the felony possession of marihuana can be proven by either of two ways as set forth in the statute. The citation of this statute in the body of the indictment was sufficient on its face to state an offense of felony possession, and if Watley wanted to know which alternative he was charged with violating, he could have asked the State for a more definite statement of the charge. Temporary Rule 15.2(e).
*864 Based on the foregoing reasons, I would not quash the writ in this case, but would reverse the judgment of the Court of Criminal Appeals insofar as it holds that the indictment in this case failed to state an offense.
STEAGALL and KENNEDY, JJ., concur.
NOTES
[1] The provisions of Temporary Rule 15.2 will be found in Rule 13.2, Alabama Rules of Criminal Procedure, effective January 1, 1991.
[2] In its petition, the State also contended that the defendant failed to preserve, for review, his objection to the sufficiency of the indictment, because it came too late. I have reviewed the record on this point, and I cannot agree with the State's argument in this regard.
[3] The specification of the statute violated is required specifically by Temporary Rule 15.2(b) (Rule 13.2(b), effective January 1, 1991).
[4] The subsections of § 13A-1-3 that would be applicable to this case would be those stating the purpose: "[t]o give fair warning of the nature of the conduct proscribed and of the punishment authorized upon conviction," and "[t]o define the act or omission and the accompanying mental state that constitute each offense," and "[t]o differentiate on reasonable grounds between serious and minor offenses and to prescribe proportionate penalties for each."
[5] The Cyclopedia Law Dictionary 569 (3d ed. 1940).
[6] U.S. Const. amend. VI states:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation...." (Emphasis added.)
Ala. Const. art. I, § 6, states:
"That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either; to demand the nature and cause of the accusation ...."
[7] U.S. Const. amend. V states:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury...." (Emphasis added.)
Ala. Const. amend. 37 states:
"No person shall for any indictable offense be proceeded against criminally by information, except in cases arising in the militia and volunteer forces when in actual service, or when assembled under arms as a military organization, or, by leave of the court, for misfeasance, misdemeanor, extortion and oppression in office, otherwise than is provided in the Constitution; provided, that in cases of misdemeanor, the legislature may by law dispense with a grand jury and authorize such prosecutions and proceedings before justices of the peace or such other inferior courts as may be by law established. Provided further that in all felony cases, except those punishable by capital punishment, the legislature may by law dispense with a grand jury and authorize such prosecutions and proceedings in such manner as may be provided by law if the defendant, after having had the advice of counsel of his choice or in the event he is unable to employ counsel, the advice of counsel which must be appointed by the court, makes known in open court to a judge of a court having jurisdiction of the offense that he desires to plead guilty, provided, however, the defendant cannot plead guilty within 15 days after his arrest."
(Emphasis added.)
[8] Temp.Rule 15.2(a), A.R.Crim.P., states:

"15.2 Nature and contents of indictment or information.
"(a) In General. The indictment or information shall be a plain, concise statement of the facts in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, to pronounce the proper judgment." (Emphasis added.)
[9] The subject matter of Temporary Rule 15.2 will be covered in Rule 13.2, Alabama Rules of Criminal Procedure, effective January 1, 1991. Rule 13.2 is different from Temporary Rule 15.2 in two particulars. The words "statement of the facts" in Temporary Rule 15.2(a) have been changed to read "statement of the charge," and the sentence in Temporary Rule 15.2(d) that reads "It is not necessary to state the precise time or date at which or on which the offense is alleged to have been committed, or the place where the offense is alleged to have been committed," has been changed to add the words "unless they are a material element of the offense."